**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH - PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH - | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | **Hearing Date:  April 17, 2024** |
| | ) | **Hearing Time: 10:30 a.m.** |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on Wednesday, the 17th day of April, 2024, at 10:30 a.m., I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 in the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **MOTION OF DEBTORS FOR ENTRY OF ORDER: (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; (II) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (III) APPROVING SOLICITATION PROCEDURES; (IV) APPROVING FORM OF BALLOT AND NOTICE OF COMBINED HEARING; (V) SCHEDULING CERTAIN DATES IN CONNECTION WITH CONFIRMATION; (VI) ESTABLISHING A BAR DATE FOR REQUESTING ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSES; (VII) WAIVING THE FIFTEEN-PAGE LIMIT UNDER LOCAL RULE 5005-3(D); AND (VIII) GRANTING RELATED RELIEF**, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link:  https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

**Meeting ID and passcode.**  The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Respectfully Submitted:

ST. MARGARET'S HEALTH-PERU and
ST. MARGARET'S HEATH-SPRING VALLEY

By: /s/ Erich S. Buck
      One of their attorneys

HENRY B. MERENS, ESQ. (ARDC #6181695)
ERICH S. BUCK, ESQ. (ARDC #6274635)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that true copies of this notice and the attached motion referred to therein were served upon the parties listed and as indicated on the below Service List this 10th day of April, 2024.

By: /s/ Erich S. Buck
Erich S. Buck, Esq.

<u>**SERVICE LIST**</u>

<u>***Via ECF***</u>

- **Jonathan E Aberman**    jon.aberman@lockelord.com, karen.soto@lockelord.com;autodocket@lockelord.com
- **John Andreasen**    john.andreasen@bfkn.com
- **Joseph Allen Archambeau**  JArchambeau@ClarkHill.com
- **Kenneth W Bach**    kennethb@johnsonblumberg.com, bkecfnotices@johnsonblumberg.com
- **Alexander F Berk**    alexander.berk@bfkn.com, james.tucker@bfkn.com
- **William Robert Cassian**    wcassian@cassiancarterlaw.com
- **David DeCelles**    david.decelles@usdoj.gov
- **Devon J Eggert**    deggert@bcblaw.net, pfoster@bcblaw.net
- **Edmond J Ford**    eford@fordlaw.com
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **Aaron Gavant**    agavant@btlaw.com
- **Charles David Goerisch**    dgoerisch@lewisrice.com, david-goerisch-3234@ecf.pacerpro.com
- **Ryan C Hardy**    rhardy@lplegal.com, nbailey@lplegal.com, druiz@lplegal.com, kpatton@lplegal.com, ikropiewnicka@lplegal.com
- **Robert Jeffrey Haupt**    robert.haupt@lathropgpm.com, ellen.mchone@lathropgpm.com
- **Heidi M Hockberger**    hhockberger@lplegal.com, nbailey@lplegal.com, myoung@lplegal.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Douglas R Lindstrom**    dlindstrom@l-wlaw.com, hyouell@l-wlaw.com
- **John A Lipinsky**    lipinsky@cemlawyer.com, Haskell@ccmlawyer.com, hoekstra@cccmlawyer.com
- **Bryan E. Minier**    bryan.minier@lathropgpm.com,
- **Austin L. Nichols**    anichols@blackblackbrown.com
- **John R O'Connor**    joconnor@lplegal.com, nbailey@lplegal.com, ikrowpiewnicka@lplegal.com, kpatton@lplegal.com, druiz@lplegal.com
- **Stanley F. Orszula**    stan.orszula@bfkn.com, james.tucker@bfkn.com
- **John Reding**    john.reding@ilag.gov
- **Peter J Roberts**    proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com;cknez@cozen.com
- **Nathan Q. Rugg**    nathan.rugg@bfkn.com, james.tucker@bfkn.com

- **Michael M Schmahl**    mschmahl@mps-law.com, mmsfiling@gmail.com
- **Mark Adam Silverman**    mark.silverman@lockelord.com, kkwell@lockelord.com;chicagodocket@lockelord.com
- **Elizabeth B Vandesteeg**    evandesteeg@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com; druiz@lplegal.com; kpatton@lplegal.com
- **Vaughn A White**    vaughn@vaughnwhite.com, paralegal@vaughnwhite.com, vwlawllc@jubileebk.net

### *Via U.S. Mail, Postage Prepaid*

U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

U.S. Securities and Exchange Commission
Chicago Regional Office
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH - PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH - | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | **Hearing Date: April 17, 2024** |
| | ) | **Hearing Time: 10:30 a.m.** |

**MOTION OF DEBTORS FOR ENTRY OF ORDER: (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; (II) CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (III) APPROVING SOLICITATION PROCEDURES; (IV) APPROVING FORM OF BALLOT AND NOTICE OF COMBINED HEARING; (V) SCHEDULING CERTAIN DATES IN CONNECTION WITH CONFIRMATION; (VI) ESTABLISHING A BAR DATE FOR REQUESTING ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSES; (VII) WAIVING THE FIFTEEN-PAGE LIMIT UNDER LOCAL RULE 5005-3(D); AND (VIII) GRANTING RELATED RELIEF**

NOW COME St. Margaret's Health – Peru ("***SMH-P***") and St. Margaret's Health – Spring Valley ("***SMH-SV***"), debtors and debtors in possession (collectively, the "***Debtors***," and each, a "***Debtor***"), by and through their undersigned counsel, pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***") and Rules 2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and hereby move this Court for the entry of an order: (i) scheduling a combined hearing (the "***Combined Hearing***") on the adequacy of the proposed *Disclosure Statement with Respect to Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "***Disclosure Statement***") and confirmation of the proposed *Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "***Plan***");

1

1302807v11

(ii) conditionally approving the Disclosure Statement; (iii) approving Plan solicitation procedures; (iv) approving a form of ballot and notice of the Combined Hearing; (v) scheduling certain dates and deadlines in connection with Plan confirmation; (vi) establishing a bar date for requesting allowance of certain administrative expenses; (vii) waiving the fifteen-page limit under Local Rule 5005-3(D); and (viii) granting related relief (the "***Motion***").  In support of the Motion, the Debtors respectfully state as follows:

## I.     <u>BACKGROUND</u>

### A.     <u>Jurisdiction</u>

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L), and (O).  The statutory predicates for the relief requested herein are sections 105, 1125, 1126, and 1128 of the Bankruptcy Code and the applicable rules are Bankruptcy Rules 2002, 3017, and 3018.

### B.     <u>The Chapter 11 Cases</u>

2. Prior to shuttering on January 28, 2023, SMH-P or its predecessors, Peoples' Hospital and Illinois Valley Community Hospital, operated a licensed acute-care hospital and related clinics in and around Peru, Illinois dating back to 1914 (the "***Peru Hospital***").

3. Prior to shuttering on June 16, 2023, SMH-SV or its predecessor, St. Margaret's Hospital doing business as St. Margaret's Health, operated a licensed acute-care hospital and related clinics in Spring Valley, Illinois and surrounding communities since 1903 (the "***Spring Valley Hospital***").

4. On August 31, 2023 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "***Chapter 11 Cases***").

<div align="right">2</div>

1302807v11

5. The nature of the Debtors' business and the factual background relating to the commencement of the Chapter 11 Cases are set forth in more detail in the *Declaration of Timothy A. Muntz in Support of Chapter 11 Petition and First-Day Motions*, filed on September 5, 2023 [ECF No. 23] (the "***Declaration***") and incorporated herein by reference.

6. The Chapter 11 Cases are jointly administered pursuant to an order of Court entered on September 6, 2023. *See* ECF No. 25.[1]

7. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to maintain their operations and financial affairs as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

8. A trustee has not been appointed in the Chapter 11 Cases.

9. On September 13, 2023, the Office of the United States Trustee for Region 11 (the "***UST***") filed a *Notice of Appointment of Official Unsecured Creditors Committee,* thereby appointing an official committee of unsecured creditors (the "***Committee***"). *See* ECF No. 42.

10. Contemporaneously with the filing of their bankruptcy petitions, as required by Rule 1007-1 of the Court's Local Rules (the "***Local Rules***"), the Debtors filed lists of creditors and parties in interest (the "***Original Creditor Lists***"). *See* ECF No. 3 (SMH-P) & ECF No. 3 [Case No. 23-11642] (SMH-SV). In order to ensure that every potential creditor or party-in-interest received notice of the Chapter 11 Cases, the Original Creditor Lists were necessarily over-inclusive.

11. The Debtors each filed their schedules of assets and liabilities (as may be amended from time to time, the "***Schedules***") on November 15, 2023 [ECF Nos. 171 & 172]. The Debtors' investigations in preparing the Schedules allowed them to determine that a number of parties listed

---

[1] Except as otherwise provided herein, all references to "ECF" shall mean Case No. 23-11641, which serves as the lead case for the Chapter 11 Cases.

1302807v11

in the Original Creditor Lists were not, in fact, creditors or parties in interest. Accordingly, on December 22, 2023, the Debtors filed with the Court amended creditor lists (the "***Current Creditor Lists***") that contained only the names, mailing addresses, and alternative mailing addresses of creditors and parties in interest identified in the Schedules. *See* ECF Nos. 190 & 191.

C.     **The Asset Sales and Other Asset Dispositions**

12.     As set forth in more detail in the Declaration, the Debtors' intention in filing the Chapter 11 Cases was, in significant part, to procure the sale of all or substantially all the assets of the Peru Hospital and certain assets of the Spring Valley Hospital to OSF Healthcare System, Mendota Community Hospital and Ottawa Regional Hospital and Healthcare System (the "***OSF Sale***"). To that end, on September 13, 2023, the Debtors filed a motion seeking Court authority to effectuate the OSF Sale. *See* ECF No. 46.

13.     The OSF Sale was approved by the Court pursuant to orders entered on September 20, 2023 [ECF No. 71], October 25, 2023 [ECF No. 147], and November 16, 2023 [ECF No. 178]. The OSF Sale closing occurred on November 16, 2023.

14.     On October 4, 2023, the Debtors filed a motion seeking authority to sell certain real property and personal property to the Carle Foundation (the "***Carle Sale***," and together with the OSF Sale, the "***Asset Sales***"). *See* ECF No. 106. The Carle Sale was approved by the Court on October 25, 2023. *See* ECF No. 146. The Carle Sale closing occurred on October 31, 2023.

15.     Since the closings of the Asset Sales, the Debtors have moved to reject over 300 contracts and/or unexpired leases to which it was a party. *See* ECF Nos. 154, 227-229. The Court granted the Debtors' rejection motions on November 15, 2023 and March 13, 2024. *See* ECF Nos. 170, 253-255.

16.     Also following the completion of the Asset Sales, the Court entered an order on November 16, 2023, establishing bar dates for the filing of proofs of prepetition unsecured claims,

1302807v11

secured claims, and section 503(b)(9) administrative expense claims [ECF No. 177] (the "***Bar Date Order***"). Under the Bar Date Order, non-governmental parties were required to file proofs of claims by January 8, 2024 (the "***General Bar Date***"); governmental units were required to file proofs of claims by February 27, 2024 (the "***Governmental Bar Date***"); and parties were required to file proofs of claim arising from the rejection of an executory contract or unexpired lease by the later of (a) the General Bar Date, or (b) thirty (30) days after the effective date of rejection of such contract or lease (collectively, the "***Bar Dates***," and each of them, a "***Bar Date***"). In accordance with the Bar Date Order, notice of the Bar Dates, a form proof of claim, and the official instructions therefor, were mailed to all addresses contained in the Original Creditor Lists on November 17, 2023. *See* ECF No. 180.

17. With respect to the remaining real and personal property of the estates, the Debtors have taken steps to monetize those assets, including:

- Obtaining the entry of orders approving Malooley Dahm Realty [ECF No. 203] and Janko Realty & Development [ECF No. 213] as real estate brokers to assist the Debtors in marketing and selling certain real properties;

- Obtaining the entry of an order approving the Debtors' retention of Bernabei, Balestri & Fiocchi as special real estate counsel;

- Filing a motion seeking authority to retain Centurion Service Group, LLC as its auctioneer and conduct an auction to sell the Debtors' medical equipment and other personal property;[2] and

- Filing a motion seeking authority to sell the rental house located as 405 E. Second Street, Spring Valley, Illinois and the adjoining vacant lots.[3]

---

[2] The Debtors filed this motion on March 20, 2024 [ECF No. 276] and the Court granted the motion on March 27, 2024 [ECF No. 290].

[3] The Debtors filed this motion on March 22, 2024 [ECF No. 282] and scheduled it for presentment on April 3, 2024, at which time the Court entered an order granting the motion [ECF No. 297]. The sale closed on April 5, 2024.

1302807v11

### D. The Plan and Disclosure Statement

18. Prior to the presentment of this Motion, the Debtors will have filed their Plan and corresponding proposed Disclosure Statement, proposed jointly with the Committee. The Debtors believe that confirmation and consummation of the Plan will achieve the best possible outcome for the Debtors' estates and creditors in the Chapter 11 Cases.

19. In accordance with section 1126 of the Bankruptcy Code, the Plan classifies claims and equity interests into certain classes for all purposes, including with respect to voting to accept or reject the Plan, as follows:

### SUMMARY OF STATUS AND VOTING RIGHTS[4]

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| N/A | Unclassified Administrative Claims | *Unimpaired.* Each holder of an Allowed Administrative Claim will be paid in cash in full on the later of: (a) the Effective Date; or (b) allowance thereof by the Bankruptcy Court. | N/A |
| N/A | Unclassified Priority Tax Claims | *Unimpaired.* Each holder of an Allowed Priority Tax Claim will be paid in cash in full on the later of: (a) the Effective Date of the Plan; or (b) allowance by the Bankruptcy Court. | N/A |

---

[4] Capitalized terms in this Summary not defined in the Motion shall have the meaning ascribed such terms in the Plan or the Disclosure Statement, as applicable.

1302807v11

| Class 1(a)-(b) | Claims of Spring Valley City Bank ("*SVCB*") | Class 1(a): *Unimpaired*<br>The SVCB Allowed Class 1(a) Claim has been satisfied in full from the proceeds of the OSF Sale.<br><br>Class 1(b): *Impaired*<br>Class 1(b) Claims are divided into two (2) sub-categories:<br><br>To the extent the SVCB Allowed Class 1(b) Claim is secured, on, or as soon as reasonably practicable after, the Effective Date, SVCB will receive on account of the SVCB Allowed Class 1(b) Claim, (A) the Collateral securing the SVCB Allowed Class 1(b) Claim; (B) Cash in an amount equal to the value of the Collateral securing the SVCB Allowed Class 1(b) Claim; or (C) such other treatment as may be agreed to between the holder and SMH-SV.<br><br>To the extent the SVCB Allowed Class 1(b) Claim is unsecured, it shall be entitled to treatment in accordance with Class 4(b), including right to Pro Rata distribution(s) in cash from the Creditor Trust Assets on account of its Allowed Unsecured Claim. | Class 1(a) not entitled to vote.<br><br>Class 1(b) entitled to vote. |
| Class 2(a)-(b) | Other Secured Claims | *Unimpaired.* On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Other Secured Claim becomes an Allowed Other Secured Claim or is otherwise payable, each holder of an Allowed Other Secured Claim will receive (i) the collateral securing such Allowed Other Secured Claim; (ii) cash in an amount equal to the value of the collateral securing such Allowed Other Secured Claim, including, to the extent applicable, post-petition interest under § 506(b) of the Bankruptcy Code; or (iii) such other treatment as may be agreed to between the holder and the applicable Debtor. | Not entitled to vote. |
| Class 3(a)-(b) | Priority Non-Tax Claims | *Unimpaired.* Allowed Class 2(a) Claims will be paid in order of the priorities set forth in § 507 of the Bankruptcy Code, in full, from the Creditor Trust Funds. | Not entitled to vote. |

1302807v11

| Class 4(a)-(b) | General Unsecured Claims (other than SIR Claims) | *Impaired.* Class 4(a) Claims and Class 4(b) Claims will be paid Pro Rata in cash from Creditor Trust Assets, net of the Creditor Trust Expenses, upon the later of: (a) the Effective the Date; (b) the date of allowance by order of the Bankruptcy Court; or (c) the date on which the Creditor Trustee makes distributions under the Plan on account of such Class 4 General Unsecured Claims. | Entitled to vote. |
|---|---|---|---|
| Class 5(a)-(b) | SIR Claims | *Impaired.* Distributions to each holder of an Allowed Class 5 Claim will be made by the later of: (a) 30 days of the SIR Trustee's determination that there are funds sufficient to make a distribution to holders of Allowed Class 5 Claims; and (b) 30 days of a disputed Class 5 Claim being Allowed by Final Order.<br><br>Holders of Allowed Class 5(a) and Class 5(b) Claims shall be entitled to allowance and payment of such Claims Pro Rata with all other Class 5 Claim holders (irrespective of subclass), from cash from the SIR Trust Assets, net of any SIR Trust Expenses.<br><br>Holders of Class 5(a) and Class 5(b) Claims shall also be entitled to pursue any and all any and all rights of recovery under the SIR Policies. | Entitled to vote. |
| Class 6(a)-(b) | Equity Interests | *Impaired.* Class 6 Equity Interests in SMH-P and SMH-SV are not anticipated to receive a distribution. | Not entitled to vote. Deemed to reject. |

20. As set forth in more detail in the Plan and Disclosure Statement, Class 1(a), Class 2 and Class 3 are unimpaired under the Plan. Class 1(a), Class 2 and Class 3 are therefore conclusively presumed to accept the Plan, and solicitation of their acceptance is unnecessary. *See* 11 U.S.C. § 1126(f). Likewise, Class 6 is proposed to neither receive nor retain property under the Plan, and is therefore deemed not to accept the Plan. *See id*. at § 1126(g). Consequently, the only classes entitled to vote on the Plan are Class 1(b), Class 4 and Class 5 (collectively, the "***Voting Classes***"). The Debtors intend to solicit votes to accept or reject the Plan only from holders of claims in the Voting Classes, and not from holders of claims or interests in Class 1(a),

1302807v11

Class 2, Class 3, or Class 6 (collectively, the "***Non-Voting Classes***"), or from holders of administrative expense claims or tax claims entitled to priority under section 507(a)(8) of the Bankruptcy Code (collectively, "***Unclassified Claims***").

## II. <u>RELIEF REQUESTED</u>

21.     By this Motion, the Debtors request that the Court:

- Schedule a Combined Hearing on confirmation of the Plan and approval of the Disclosure Statement;

- Conditionally approve the Disclosure Statement;

- Approve the form and manner of notice of the Combined Hearing and the Objection Deadline (as defined below);

- Approve the form of Ballot for each of the Voting Classes;

- Establish a Record Date and a Voting Deadline (as those terms are defined below);

- Approve the proposed Solicitation and Tabulation Procedures (as defined below);

- Set a deadline to request allowance of administrative expenses for claims arising in the Chapter 11 Cases through and including April 17, 2024, other than claims of professionals, the Debtors' claims and noticing agent, and the UST, and claims for which a Bar Date has already been established; and

- Set other deadlines in connection with confirmation of the Plan.

22.     The Debtors also request that the Court approve the following confirmation-related deadlines and schedule (capitalized terms not defined *supra* having the respective definitions set forth *infra*):

| | | |
|---|---|---|
| April 15, 2024 | -- | Record Date for Voting |
| Three (3) business days following entry of order granting Motion | -- | Deadline to Serve Combined Hearing Notices and Limited Administrative Bar Date Notices upon Notice Recipients; Deadline to Serve Ballots upon holders of claims in the Voting Classes. |
| May 15, 2024, at 4:00 p.m. CT | -- | Deadline to File Rule 3018(a) Motions; Limited Administrative Bar Date; Voting Deadline |

| | | |
|---|---|---|
| May 17, 2024 | -- | Ballot Report Deadline |
| May 20, 2024, at 12:00 p.m. CT | -- | Deadline for Filing Objections to Confirmation or Adequacy of Disclosure Statement |
| May 21, 2024 at 4:00 p.m. CT | -- | Deadline for Filing Written Responses to Confirmation or Adequacy of Disclosure Statement |
| May 22, 2024, at 10:30 a.m. CT | -- | Combined Hearing on Disclosure Statement Approval and Plan Confirmation |

The Debtors submit that all of the dates proposed above comply with the notice required by Bankruptcy Rules 2002 and 3017, and the Court's Local Rule 3018-1.

### III. BASIS FOR RELIEF REQUESTED

#### A. Combined Hearing

23. When a combined hearing on confirmation of a plan and approval of a disclosure statement is "appropriate to ensure that the case is handled expeditiously and economically," section 105 of the Bankruptcy Code expressly permits courts to combine the hearings into one. 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Colony Beach & Tennis Club, Inc*., 508 B.R. 468, 487 (Bankr. M.D. Fla. 2014) ("Section 105(d)(2)(B) expressly permits the hearing on approval of the disclosure statement to be combined with the hearing on confirmation of a Chapter 11 plan."); *In re Aspen Limousine Serv., Inc.*, 187 B.R. 989, 995 (Bankr. D. Colo. 1995) ("Section 105(d)(2) lets this Court 'mix and match' the opportunities and timing for a debtor, creditors, and parties-in-interest, to file plans and disclosure statements, and solicit acceptances of such plans.").

24. Courts permit a combined hearing on a disclosure statement and plan where doing so promotes "judicial efficiency and economy." *In re Cypresswood Land Partners, I*, 409 B.R. 396, 425 (Bankr. S.D. Tex. 2009); *see also In re Arro Corporation*, Case No. 19-35238 (Bankr. N.D. Ill. July 1, 2020), at ECF No. 241 (scheduling combined hearing on plan and disclosure statement); In *re Marbles Holdings, LLC*, Case No. 17-3309 (Bankr. N.D. Ill. Aug. 1, 2017), at

10

ECF No. 363 (same); *In re Gulf Packaging, Inc.*, Case No. 15-15249 (Bankr. N.D. Ill. Nov. 3, 2015), at ECF No. 264 (same); *In re ERG Intermediate Holdings, LLC*, No. 15-31858-hdh-11 (Bankr. N.D. Tex. Sept. 21, 2015), at ECF No. 534 (same); *In re Reddy Ice Holdings, Inc.,* Case No. 12-32349 (Bankr. N.D. Tex. May 11, 2012), at ECF No. 331 (same); *In re Hearthside Baking Co.,* Case No. 08-1187 (Bankr. N.D. Ill. Jan. 9, 2009), at ECF No. 206 (same).

25. The Debtors have requested the Combined Hearing because, with the Asset Sales complete, smaller property dispositions pending, and the Debtors approaching the final stages of their wind-down efforts, the Debtors have limited resources available for exiting chapter 11. By combining the hearings on the Plan and Disclosure Statement, the overall process toward confirmation of the Plan will be shortened and streamlined. The Combined Hearing will ultimately benefit the Debtors' estates and creditors by minimizing administrative expenses and expediting the Debtors' exit from chapter 11.

26. Moreover, the Debtors submit that there is no prejudice to creditors and other parties in interest by combining hearings. The universe of parties in interest that have actively participated in the Chapter 11 Cases has been fairly limited, and as with all noticed parties, such participants will have ample opportunity to review and consider the Plan and Disclosure Statement and respond in kind. Further, the Debtors have taken pains to resolve any potential objections in advance of presentment of motions and other requests for relief in the Chapter 11 Cases, and expect to do the same with respect to Plan confirmation. Indeed, the Committee, which represents the interests of the general unsecured creditors and is a co-proponent of the Plan with the Debtors, agrees with the Debtors that a Combined Hearing is in the best interests of the estates, and supports the request for same.

27. For the foregoing reasons, the Debtors respectfully request that the Court authorize, and schedule, the Combined Hearing requested in this Motion.

11

**B.     Conditional Approval of Disclosure Statement**

28.     To ensure compliance with the requirement in section 1125(b) of the Bankruptcy Code, the Debtors seek conditional approval of the Disclosure Statement at the presentment hearing on this Motion. The Debtors will seek full and final approval of the Disclosure Statement at the Combined Hearing, but the solicitation process may not begin until such time as "a written disclosure statement [is] approved, after notice and a hearing, by the court . . . ."  11 U.S.C. § 1125(b). The Debtors must have an approved Disclosure Statement before beginning the solicitation process.

29.     Disclosure Statements must provide creditors and interested parties with "adequate information," as defined by section 1125(a)(1) of the Bankruptcy Code, for purposes of voting on plans of reorganization. 11 U.S.C. § 1125(b). Adequate information "means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable [] a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ." 11 U.S.C. § 1125(a)(1). Adequate information, although defined by statute, is subjective and "[t]he standard for disclosure is, thus, flexible . . . ." *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008). Indeed, one of the factors that courts may consider, according to the statute is "the cost of providing additional information." 11 U.S.C. § 1125(a)(1).

30.     The Debtors respectfully submit that the Disclosure Statement provides information sufficient to holders of claims entitled to vote, so that they may do so on an informed basis. The Disclosure Statement contains detailed information regarding the Debtors and events leading up to the Chapter 11 Cases, as well as major events that have occurred during the Chapter 11 Cases. Further, the Plan provides information regarding distributions under the Plan, implementation of the Plan, and classification and treatment of claims and equity interests. Thus, the Debtors submit that the Disclosure Statement provides adequate information and should be

1302807v11

approved, conditionally, to allow the Debtors to commence solicitation of votes to accept or reject the Plan.

### C. Approval of the Combined Hearing Notice

31. Bankruptcy Rule 3017(a) describes the requirements for notice of a hearing on a disclosure statement:

> [A]fter a disclosure statement is filed in accordance with [Bankruptcy] Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in [Bankruptcy] Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).

32. Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing to consider confirmation of a plan. In pertinent part, Bankruptcy Rule 3017(d) provides:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in

13

accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

33. Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice by mail to all creditors and indenture trustees of the dates and times set for filing objections to, and the hearings to consider approval of, chapter 11 plans and disclosure statements. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed by the Court.

34. In accordance with these requirements, the Debtors propose to mail, within three (3) business days of entry of an order granting this Motion, a copy of the notice attached as **Exhibit A** to the proposed order filed in connection herewith (the "***Combined Hearing Notice***"), by first-class U.S. mail, postage prepaid, to: (a) all Potential Creditors (as defined below); (b) all holders of record of equity security interests in either Debtor; (c) the UST; (d) counsel to the Committee; (e) counsel to SVCB; (f) counsel to the Ad Hoc Committee of Professionals (the "***Ad Hoc Committee***"); (g) the U.S. Securities and Exchange Commission; and (h) all other parties who have requested notice and service of all documents in the Chapter 11 Cases (collectively, the "***Notice Recipients***").

35. "***Potential Creditors***," in this context, means all entities: (a) listed in the Schedules[5] as holding liquidated, non-contingent, and undisputed claims against a Debtor; (b) that have filed a proof of claim or request for allowance of an section 503(b)(9) administrative expense in the Chapter 11 Cases as of the applicable Bar Date; (c) listed as counterparties to unexpired leases or

---

[5] The Debtors anticipate filing amendments to the Schedules prior to presentment of this Motion. In the event amendments are filed, such amendments shall control to the extent applicable.

1302807v11

executory contracts in the Debtors' Schedules G; or (d) with whom the Debtors did business after the Petition Date and may therefore hold postpetition administrative expense claims.

36. Bankruptcy Rules 2002(b), (d), and 3017(a) collectively require not less than twenty-eight (28) days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. The Debtors believe that these requirements will be fully satisfied by the mailing of the Combined Hearing Notice as provided herein, which will be directed to all Potential Creditors and equity security holders, and will occur not less than twenty-eight (28) days prior to the Objection Deadline, and not less than thirty (30) days prior to the Combined Hearing.

37. The Debtors propose that objections, if any, to the confirmation of the Plan or approval of the Disclosure Statement must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) no later than Monday, May 20, 2024, at 12:00 p.m., prevailing Central Time (the "*Objection Deadline*"), be either (i) filed electronically via the Court's CM/ECF System, or (ii) if permitted by the Court's *Administrative Procedures for the Case Management/Electronic Case Filing System*, filed in paper form with the Office of the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Clerk's Office*"). In the event an objection to the confirmation of the Plan or approval of the Disclosure Statement is filed in paper form as provided above, the objecting party must also submit paper copies of their objection (via prepaid U.S. mail, overnight delivery, or hand delivery) to the following parties, so as to be actually received by each of them by the Objection Deadline: (i) counsel to the Debtors, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, Illinois 60604, Attn: Henry B. Merens, Steven B. Chaiken, and Erich S. Buck (hmerens@ag-ltd.com, schaiken@ag-ltd.com, and ebuck@ag-ltd.com); (ii) counsel to the Committee, Levenfeld Pearlstein, LLC, 120

15

S. Riverside Plaza, Suite 1800, Chicago, IL 60606, Attn: Elizabeth Vandesteeg, Jack O'Connor, and Heidi Hockberger (evandesteeg@lplegal.com, joconnor@lplegal.com, and hhockberger@lplegal.com); (iii) the UST, 219 S. Dearborn St., Room 873, Chicago, IL 60604, Attn: Jeffrey L. Gansberg (Jeffrey.L.Gansberg@usdoj.gov); and (iv) counsel to SVCB, Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 W Madison Steet, Suite 3900, Chicago, IL 60606, Attn: Nathan Q. Rugg and Stanley F. Orszula (nathan.rugg@bfkn.com and stan.orszula@bfkn.com).

38.	The Debtors further propose that the deadline to file any written responses to such objection(s) be Tuesday, May 21, 2024, at 4:00 p.m. In proposing this deadline, the Debtors do not intend to foreclose their rights, or the rights of any other party in interest (including the Committee), to oppose objections to the Disclosure Statement or the Plan at the Combined Hearing, even without filing a written response. Should additional time be required to consider any objections, the Debtors (in consultation with the Committee) and the Court retain the right to continue the Combined Hearing.

39.	The Combined Hearing Notice sets forth, among other things: (a) the Voting Deadline for the submission of Ballots (as defined below) to accept or reject the Plan; (b) the Objection Deadline; (c) a summary of the Plan; (d) the time, date and place of the Combined Hearing; (e) the URL of the webpage for the Chapter 11 Cases (maintained by the Debtors' claims and noticing agent) where parties can access copies of the Plan, Disclosure Statement, and additional information at no charge; and (f) contact information for the Debtors' counsel, from whom parties may tender written requests (via email or otherwise) and obtain copies of the Plan and Disclosure Statement at no charge.

40.	Additionally, the Combined Hearing Notice will recite, in their entirety, certain provisions of the Plan concerning: (a) injunctions against creditors and other parties in interest

commencing or continuing actions, or asserting claims against, the Debtors; (b) exculpating certain key parties with respect to actions taken during the Chapter 11 Cases; and (c) releases given by holders of claims against and interests in the Debtors. Importantly, other than the releases set forth in the Plan, the Plan does <u>not</u> attempt to effectuate third-party releases that would bind, or otherwise restrict the rights of, the Debtors' creditors.

41. The Debtors respectfully submit that mailing additional documents to creditors and equity security holders in connection with the solicitation and confirmation of the Plan – *e.g.*, hard copies of the Plan and Disclosure Statement – would be unwarranted given the facts of the Chapter 11 Cases. The Current Creditor Lists contain approximately 4,600 separate creditor addresses, and the Plan and Disclosure Statement, including exhibits, are approximately 165 pages in the aggregate. A mailing of this size would be exceedingly expensive, especially in light of the finite and ever-dwindling amount of cash currently on hand in the Debtors' estates. Moreover, as stated above, the Plan, Disclosure Statement, and other information will be available in paper form upon written request to the Debtors' counsel, and in electronic form by visiting a dedicated webpage hosted by the Debtors' claims and noticing agent (which will be prominently featured in the Combined Hearing Notice), both free of charge. Further, any parties who are represented by counsel that have filed appearances in the Chapter 11 Cases will automatically be provided copies of the Plan, Disclosure Statement and any related filings free of charge through the Bankruptcy Court's CM/ECF system.

42. The Debtors recognize that an alternative to providing paper copies of plans and disclosure statements in other cases has been to mail flash drives or CD-ROMs to the appropriate parties. Based on experience from prior cases, however, the Debtors' counsel believes that providing the Plan and Disclosure Statement via either of these electronic media would not provide a great cost savings. Further, the Debtors and their counsel believe that many business entities

17

have policies restricting employees from installing flash drives from "unknown" sources. In those instances, it is likely creditors would contact counsel for the Debtors and request paper copies anyway, thereby wasting the Debtors' limited resources. And of course, there are people who would prefer to download the Plan and Disclosure Statement from the webpage simply as a means of conserving paper to protect the environment, or as a matter of convenience in light of the possibility that representatives of some of the Debtors' creditors may work from home and may not be regularly receiving mail directed to their offices.

43. The Debtors therefore submit that service of the Combined Hearing Notice, in the manner indicated and reflected herein and in Exhibit A to the proposed order, provides adequate notice to all parties of the Plan and Disclosure Statement and does not prejudice any person or entity from obtaining copies of these documents in a variety of ways. Accordingly, the Debtors request that the Court approve the form of notice requested by the Debtors as being appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### D. The Ballots

44. Bankruptcy Rule 3017(d) requires the plan proponent to mail a form of ballot that substantially conforms to Official Form No. 314 to all "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).

45. The only Voting Classes under the Plan are Class 1(b), Class 4 and Class 5. Accordingly, the Debtors seek approval of the following customized ballots (each a "*Ballot*," and collectively, the "*Ballots*"):

    a. Class 1(b) Ballot: the Ballot for the Class 1(b) claims of SVCB against SMH-SV, substantially in the form attached as **Exhibit B** to the proposed order filed in connection herewith (the "*Class 1(b) Ballot*");

b. Class 4(a)-(b) Ballot: the Ballot for the holders of Allowed Class 4 General Unsecured Claims against SMH-P and/or SMH-SV, substantially in the form attached as **Exhibit C** to the proposed order filed in connection herewith (the "*Class 4 Ballot*"); and

c. Class 5(a)-(b) Ballot: the Ballot for the holders of Allowed Class 5 SIR Claims against SMH-P and/or SMH-SV, substantially in the form attached as **Exhibit D** to the proposed order filed in connection herewith (the "*Class 5 Ballot*").

46.    While conforming substantially to Official Form No. 314, the Ballots have been modified to address the particular circumstances of the Chapter 11 Cases and include certain additional information that is relevant and appropriate for holders of claims within the Voting Classes.[6]

47.    For each party believed to have a claim in the Voting Classes, the Debtors propose to include a Ballot in the same envelope as the Combined Hearing Notice and the Limited Administrative Bar Date Notice. Ballots would be distributed as follows:

a. to SVCB, a Class 1(b) Ballot;

b. to each entity (i) listed in the Schedules as having a liquidated, non-contingent, and undisputed General Unsecured Claim (other than SIR Claim) against a Debtor, or (ii) that filed a proof of General Unsecured Claim (other than SIR Claim) on or before the General Bar Date (each a "*Class 4 Claimant*," and collectively, the "*Class 4 Claimants*"), a Class 4 Ballot[7]; and

c. to each entity (i) listed in the Schedules as having a liquidated, non-contingent, and undisputed SIR Claim against a Debtor, or (ii) that filed a proof of SIR Claim on or before the General Bar Date (each a "*Class 5 Claimant*," and collectively, the "*Class 5 Claimants*"), a Class 5 Ballot.

---

[6] The Debtors' claims, noticing and solicitation agent will fill in the claim amount and Debtor applicable to each claimant prior to mailing the Ballots.

[7] Class 3(a)-(b) is comprised of holders of secured claims other than SVCB. To the extent any Class 3 claimant may be entitled to vote on account of a general unsecured deficiency claim, such Class 3 claimant will receive a Class 4 Ballot.

1302807v11

48. The Debtors submit that mailing Ballots only to the holders of claims in the Voting Classes complies with the Bankruptcy Rules' mandate to mail ballots to all "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). As noted above, neither the Non-Voting Classes nor the Unclassified Claims are entitled to vote under the Plan; therefore, the holders of such claims and interests will not receive Ballots on account of such claims and interests.

49. The Debtors also propose that the Combined Hearing Notice, Limited Administrative Bar Date Notice, and Ballot (if and as applicable) (collectively, "***Notice and Balloting Packages***," and each, a "***Notice and Balloting Package***") need not be transmitted to any entity to whom the Debtors mailed prior documents that were returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors, through their bankruptcy counsel or their claims and noticing agent, have been informed in writing by such entity of that entity's new address prior to the mailing of such Notice and Balloting Packages as provided herein. Additionally, the Debtors propose that they need not re-mail undelivered Notice and Balloting Packages that were returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors (through their bankruptcy counsel or their claims and noticing agent) have been informed in writing by such entity of that entity's new address prior to the Voting Deadline. Accordingly, failure to mail Notice and Balloting Packages to such entities should not constitute inadequate notice of the Combined Hearing, the Limited Administrative Bar Date, the Objection Deadline, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

1302807v11

**E.** **Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan**

50. By this Motion, the Debtors also request approval of the solicitation and ballot tabulation procedures that are described below (collectively, the "*Solicitation and Tabulation Procedures*"). The Solicitation and Tabulation Procedures set forth in detail (a) the procedures for the distribution of Ballots to the Debtors' creditors entitled to vote on the Plan and (b) certain procedures and rules regarding the tabulation of votes to accept or reject the Plan. The Debtors respectfully submit that the Solicitation and Tabulation Procedures are appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**1.** **Mailing of the Ballots**

51. As stated above, Ballots will be mailed to SVCB and all Class 4 and Class 5 Claimants, as part of the same mailing as the Combined Hearing Notices and the Limited Administrative Bar Date Notices.

**2.** **The Record Date**

52. The Debtors proposes that the Court establish April 15, 2024 (*i.e.*, two (2) business days prior to presentment of this Motion) as the record date pursuant to Bankruptcy Rules 3017(d) and 3018(a) for purposes of determining which parties in interest are entitled to receive Ballots and to vote on the Plan (the "*Record Date*"). The Record Date will have sufficiently followed expiration of the Governmental Bar Date of February 27, 2024, the last date by which a creditor of any kind could have timely filed a proof of claim[8].

53. With respect to a transferred claim, the Debtors further propose that the transferee will be entitled to receive a Ballot (upon request) and exercise any voting rights that apply to such

---

[8] Limited exceptions to the Bar Dates exist for certain (i) scheduled claims that have been amended and (ii) rejection damage claims.

1302807v11

claim, if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed; or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

54.     Rule 3017(e) provides that, at the disclosure statement hearing, the Court

> shall consider the procedures for transmitting the documents and information required by subdivision (d) of this rule to beneficial holders of stock, bonds, debentures, notes and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate.

Fed. R. Bankr. P. 3017(e).

55.     Except for any incomplete or inaccurate information in their records, the Debtors have mailing addresses for each of their Potential Creditors and equity security interest holders and, thus, propose to send the Combined Hearing Notice directly to such entities.  Moreover, the Debtors are not-for-profit corporations whose equity securities are not, and never have been, publicly traded, increasing the likelihood that the Debtors' records are accurate with respect to the beneficial holders of equity interests.

56.     The Debtors respectfully submit that the procedures proposed herein are appropriate under the circumstances.[9]

### 3.  <u>Deadline for Receipt of Ballots Accepting or Rejecting the Plan</u>

57.     Bankruptcy Rule 3017(c) provides that, on or before approval of the Disclosure Statement, the Court may fix a time within which the holders of claims or equity interests may accept or reject a plan.  The Debtors propose that, to be counted as votes to accept or reject the Plan, all Ballots must be executed, completed, and delivered to the Debtors' claims, noticing and

---

[9] Establishment of the Record Date is without prejudice to the Debtors' rights to object to certain claims, and the effect of such objections on the right to vote. *See* 11 U.S.C. § 1126(a) (only holders of allowed claims may vote).

1302807v11

solicitation agent, Epiq Corporate Restructuring, LLC ("*Epiq*"), either by (a) First-Class mail, (b) overnight mail, (c) personal delivery, or (d) electronic submission using the interface available on Epiq's website at https://dm.epiq11.com/stmargarets via the "E-Ballot" link under Case Actions, so that, in each case, such Ballots are actually received by Epiq on or before May 15, 2024 at 4:00 p.m. (prevailing Central Time) (the "*Voting Deadline*"). Only signed Ballots will be accepted, and must be received by Epiq no later than the Voting Deadline.

58.     The Debtors respectfully submit that the Voting Deadline provides sufficient time for parties in interest to make informed decisions to accept or reject the Plan and submit timely Ballots.

### 4.  Procedures for Vote Tabulation

59.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

60.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

61.     As noted above, Class 1(a), Class 2 and Class 3 are unimpaired under the Plan, and the holders of Class 1(a) claims, Class 2 claims, and Class 3 claims are therefore deemed to accept the Plan and are not entitled to vote thereon. In addition, the holders of equity interests in Class 6 are deemed to reject the Plan, and are not entitled to vote thereon, because the Plan proposes to extinguish such equity interests. Unclassified Claims, likewise, are not part of any voting class

1302807v11

and are not entitled to vote. As a result, the only classes whose claims are relevant for purposes of voting are the Voting Classes, *i.e.*, Class 1(b), Class 4 and Class 5.

62. Solely for purposes of voting to accept or reject the Plan — and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtors or the Committee in any other context — the Debtors propose that each claim within the Voting Classes be allowed temporarily for the purpose of voting to accept or reject the Plan in accordance with the following rules (collectively, and together with additional rules specified below, the "***Tabulation Rules***")[10]:

a. unless otherwise provided in the Tabulation Rules, a claim will be allowed for voting purposes in the amount of such claim as set forth in the proof of claim timely filed by the applicable Bar Date by such creditor, or if no proof of claim has been timely filed, in the non-contingent, undisputed, liquidated amount set forth in the Schedules;

b. each claim can only be voted once; if a creditor appears to have filed more than one proof of claim with respect to a single claim against a Debtor, the latest-filed proof of claim will be deemed to have superseded all prior proofs of claim filed with respect to such claim;

c. if a claim is deemed allowed pursuant to the terms of the Plan, such claim will be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

d. if the amount of a claim has been identified as "unknown" in a proof of claim, the claim will be allowed for voting purposes in the amount of $1.00. However, an identified claim amount of "unknown" will not be allowed for voting purposes if such claim was not timely and properly filed on or before the applicable Bar Date;

e. if a claim is scheduled at $0.00, in an unknown amount, or as unliquidated, contingent, or disputed, and a proof of claim was not (i) timely filed by the applicable Bar Date, or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, then such claim is disallowed for voting purposes; *provided, however*, if the applicable Bar Date has not expired prior to the Voting Record Date, a claim listed

---

[10] To the extent a proof of claim has been filed on or before the applicable Bar Date but no objection thereto has been filed, the claim shall be allowed for voting purposes in the amount set forth in such proof of claim, except as provided herein. If no timely proof of claim has been filed, the amount set forth in the applicable Debtor's Schedules shall govern.

1302807v11

in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

f.  if a claim has been estimated or allowed by the Court, such claim will be allowed for voting purposes in the amount so estimated or allowed by the Court;

g.  if a party in interest seeks to reduce or eliminate the amount of a claim in an objection filed before the Voting Deadline, such claim will be allowed for voting purposes in the amount to which the party in interest seeks to reduce such claim, pending allowance of the claim in a higher amount by the Court;

h.  any Ballot that is (i) properly completed, executed, and timely returned to Epiq but that does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, or (ii) illegible, mutilated or incomplete, will not be counted as an acceptance or rejection of the Plan;

i.  if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the latest-dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots;

j.  for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and all votes related to such claim will be treated as a single vote to accept or reject the Plan;

k.  creditors are required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their votes – thus, a Ballot that partially rejects and partially accepts the Plan will not be counted; and

l.  Ballots received after the Voting Deadline will not be tabulated for determining whether a class has voted to accept or reject the Plan.

63.     Any claim holder who seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules shall be required to file a motion pursuant to Bankruptcy Rule 3018 (a "*Rule 3018 Motion*") and serve such motion on respective counsel to the Debtors, the Committee, the UST, and SVCB, such that it is received on or before Wednesday, May 15, 2024, at 4:00 p.m. (prevailing Central Time).  Such motion shall, to the extent necessary,

25

be heard at the Combined Hearing. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a claim holder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules unless and until (a) the underlying claim is allowed temporarily by the Court for voting purposes in a different amount or (b) the Debtors, in their sole discretion but in consultation with the Committee, agree to allow the claim for voting purposes in a different amount.

64. As required by the Court's Local Rule 3018-1, the Debtors will prepare a report of balloting on the Plan (the "***Ballot Report***"), and file the Ballot Report on or before Friday, May 17, 2024 (the "***Ballot Report Deadline***"). Consequently, parties in interest will be given five (5) days' notice of the Ballot Report prior to the Combined Hearing, even more than the three (3) days required by Local Rule 3018-1(4).

### F. <u>Limited Administrative Bar Date</u>

65. Finally, the Debtors requests that this Court set Wednesday, May 15, 2024, at 4:00 p.m. (prevailing Central Time) as the bar date (the "***Limited Administrative Bar Date***") for the filing of requests for payment of administrative expense claims accruing through and including April 17, 2024, <u>other than</u> (a) claims of professionals, (b) claims of Epiq, (c) claims of the UST under 28 U.S.C. § 1930(a)(6), and (d) claims—such as claims under section 503(b)(9) of the Bankruptcy Code and claims arising from the rejection of executory contracts or unexpired leases—for which a Bar Date has already been established.

66. The Limited Administrative Bar Date is integral to the Combined Hearing as it will help the Debtors verify that they have properly estimated and budgeted expenses incurred in connection with the latter phases of the Chapter 11 Cases and that they will be able to satisfy the requirement that all administrative expenses be satisfied on the effective date of the Plan.

1302807v11

67. The Debtors propose to provide notice of the Limited Administrative Bar Date through inclusion of the bar date notice attached as **Exhibit E** to the proposed order filed in connection herewith (the "*Limited Administrative Bar Date Notice*"), along with the Combined Hearing Notice.

### G. Waiver of Fifteen-Page Limit

68. The Court's Local Rule 5005-3(D) provides, "No motion . . . in excess of fifteen pages may be filed without prior approval of the court." This Motion, exclusive of its notice of motion and proposed order, consists of twenty-three pages. Due to the relatively complex nature of the Chapter 11 Cases and the relief sought herein, the Debtors submit that fifteen pages would not have been sufficient space for the Debtors to explain the necessary factual background, the relief sought, and the bases therefor. The Debtors submit that the Motion, in its current form, is the most concise means of conveying the information needed by the Court and parties-in-interest. The Debtors therefore request that Local Rule 5005-3(D) be waived with respect to this Motion.

## IV. CONCLUSION

69. The Debtors respectfully submit that the foregoing procedures for providing notice of the Combined Hearing, the Objection Deadline, the Limited Administrative Bar Date and related matters fully comply with Bankruptcy Rules 2002, 3017, and 3018. Accordingly, the Debtors request that the Court approve such procedures as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## V. NOTICE

70. Notice of this Motion and the hearing thereon, as well as the Motion itself, have been served via the Court's CM/ECF system and/or regular U.S. Mail, on not less than seven (7) days' notice, upon (a) the UST; (b) counsel for the Committee; (c) counsel for SVCB; (d) counsel for the Ad Hoc Committee; (e) the U.S. Securities and Exchange Commission; and (f) all other

27

parties who have requested notice and service of pleadings via CM/ECF in the Chapter 11 Cases. In addition, drafts of this Motion, the proposed order and exhibits thereto, the Plan, and the Disclosure Statement have been or will be circulated to the parties designated in subparagraphs (a) through (c) above to solicit comments prior to presentation hereof. The Debtors respectfully request that such notice be deemed appropriate and that no other or further notice need be provided.

WHEREFORE, St. Margaret's Health – Spring Valley and St. Margaret's Health – Peru, debtors herein, respectfully request the entry of an order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof without further notice, and such other and further relief as is just.

<div style="margin-left:50%">

Respectfully Submitted,

ST. MARGARET'S HEALTH-PERU and
ST. MARGARET'S HEATH-SPRING VALLEY

By:    Erich S. Buck      
      One of their attorneys

</div>

HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

1302807v11