IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING MOTION OF DEBTORS FOR ENTRY OF ORDER: (I)
SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE
STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN; (II) APPROVING
SOLICITATION PROCEDURES; (III) APPROVING FORM OF BALLOT AND
NOTICE OF COMBINED HEARING; (IV) SCHEDULING CERTAIN DATES IN
CONNECTION WITH CONFIRMATION; (V) ESTABLISHING A BAR DATE FOR
REQUESTING ALLOWANCE OF CERTAIN ADMINISTRATIVE EXPENSES;
(VI) WAIVING THE FIFTEEN-PAGE LIMIT UNDER LOCAL RULE 5005-3(D);
AND (VII) GRANTING RELATED RELIEF**

THIS CAUSE coming to be heard on the motion of St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**," and each, a "**Debtor**"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Code**") and Rules 2002, 3017, and 3018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for the entry of an order: (i) scheduling a Combined Hearing (defined below) on the adequacy of their proposed disclosure statement (the "**Disclosure Statement**") and confirmation of the proposed joint chapter 11 plan (the "**Plan**") of the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**"); (ii) approving Plan solicitation procedures; (iii) approving a form of ballot and notice of the Combined Hearing; (iv) scheduling certain dates in connection with Plan confirmation; (v) establishing a bar date for requesting allowance of certain administrative expenses; (vi) waiving the fifteen-page limit under Local Rule 5005-3(D); and (vii) granting related relief (the "**Motion**"); capitalized terms not defined herein having the meaning ascribed to such terms in the Motion; the Court having heard the statements in support of the relief requested at the hearing, and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; it appearing that there is good cause to grant the relief requested; and the Court having jurisdiction over the parties and the subject matter of the Motion;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      The Motion is granted as provided herein.

page 1

1302811v7

2. A hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**") shall commence on May 22, 2024, at 10:30 a.m. prevailing Central Time. The Combined Hearing may be adjourned from time to time without any notice other than an announcement made in open court or at any adjourned hearing thereon.

3. The Disclosure Statement is approved on a conditional basis.

4. Notice of the Combined Hearing in the form attached hereto as **Exhibit A** (the "**Combined Hearing Notice**") is hereby approved.

5. The following ballots (each a "**Ballot**," and collectively, the "**Ballots**") are hereby approved for solicitation and tabulation of the votes of holders of the corresponding class of claims under the Plan:

(a) The Ballot for the claims of Class 1(b) (Claims of Spring Valley City Bank against SMH-SV) under the Plan, substantially in the form attached hereto as **Exhibit B** (the "**Class 1(b) Ballot**");

(b) The Ballot for the claims of Class 4(a)-(b) (Claims of General Unsecured Creditors of SMH-P and/or SMH-SV other SIR Creditors) under the Plan, substantially in the form attached hereto as **Exhibit C** (the "**Class 4 Ballot**"); and

(c) The Ballot for the claims of Class 5(a)-(b) (Claims of SIR Creditors of SMH-P and/or SMH-SV) under the Plan, substantially in the form attached hereto as **Exhibit D** (the "**Class 5 Ballot**").

6. April 15, 2024 is hereby established as the record date, pursuant to Bankruptcy Rule 3017(d), for purposes of determining which parties in interest are entitled to receive the Combined Hearing Notice and, where applicable, to receive Ballots and to vote on the Plan (the "**Record Date**").

7. The *Notice of Deadline for Filing of, and Exclusive Procedures Regarding, Requests for Allowance and Payment of Certain Administrative Expenses*, attached hereto as **Exhibit E** ("**Limited Administrative Bar Date Notice**"), is hereby approved.

8. May 15, 2024, at 4:00 p.m. (prevailing Central Time) shall be the last date to file a request for allowance of an administrative expense claim accruing from August 31, 2023 through and including April 17, 2024 <u>other than</u> (a) claims of professionals, (b) claims of the United States Trustee under 28 U.S.C. § 1930(a)(6), (c) claims of the Debtors' claims, noticing and solicitation agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), and (d) claims for which a bar date has been established by prior order of Court, all as further set forth in the Limited Administrative Bar Date Notice.

9. Within three (3) business days of entry of this Order (the "**Mailing Deadline**"), the Debtors shall cause to be mailed copies of the Combined Hearing Notice and the Limited Administrative Bar Date Notice to: (a) all Potential Creditors (as defined below); (b) all holders

page 2

of record of equity security interests in a Debtor; (c) the U.S. Securities and Exchange Commission; (d) the Office of the U.S. Trustee for Region 11; (e) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"); (f) counsel to Spring Valley City Bank ("**SVCB**"); (g) counsel to the Ad Hoc Committee of Professionals (the "**Ad Hoc Committee**"); and (h) all other parties who have requested notice and service of all documents in the Chapter 11 Cases. "**Potential Creditors**" shall mean all entities: (w) listed in the Debtors' bankruptcy schedules (as may be amended from time to time, the "**Schedules**") as holding liquidated, non-contingent, and undisputed claims against a Debtor; (x) that have filed a proof of claim, or request for allowance of an section 503(b)(9) administrative expense, as of the applicable Bar Date; (y) listed as counterparties to unexpired leases or executory contracts in a Debtor's Schedule G; or (z) with whom a Debtor did business after the Petition Date and may therefore hold postpetition administrative expense claims.

10. On or before the Mailing Deadline, in addition to the Combined Hearing Notice and the Limited Administrative Bar Date Notice as provided in the immediately preceding paragraph, the Debtors shall cause the Ballots to be mailed as follows:

(a) to counsel for SVCB, a Class 1(b) Ballot;

(b) to each entity (i) listed in the Schedules as having a liquidated, non-contingent, and undisputed General Unsecured Claim (other than SIR Claim) against a Debtor; or (ii) that filed a proof of General Unsecured Claim (other than SIR Claim) on or before the applicable Bar Date (each a "**Class 4 Claimant**," and collectively, the "**Class 4 Claimants**"), a Class 4 Ballot; and

(c) to each entity (i) listed in the Schedules as having a liquidated, non-contingent, and undisputed SIR Claim against a Debtor; or (ii) that filed a proof of SIR Claim on or before the applicable Bar Date (each a "**Class 5 Claimant**," and collectively, the "**Class 5 Claimants**"), a Class 5 Ballot.

11. The Debtors and the Committee shall also make available, at no charge, copies of the Plan and Disclosure Statement by written request to counsel, including electronically through the website for the Chapter 11 Cases maintained by Epiq (the "**Chapter 11 Website**") at https://dm.epiq11.com/case/stmargarets/documents.

12. May 15, 2024, at 4:00 p.m. (prevailing Central Time) is hereby established as the deadline to file motions (if any) pursuant to Bankruptcy Rule 3018(a).

13. May 15, 2024, at 4:00 p.m. (prevailing Central Time) (the "**Voting Deadline**") is hereby established as the deadline by which signed Ballots must be actually received by Epiq.

14. May 20, 2024 at 12:00 p.m. prevailing Central Time (the "**Objection Deadline**") is fixed as the deadline for filing objections to the confirmation of the Plan or adequacy of the Disclosure Statement (including any supporting brief or memorandum) and for serving same, by CM/ECF or, if permitted by the Court's *Administrative Procedures for the Case Management/Electronic Filing System*, in paper form with the Office of the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois. In the event an objection to confirmation of the Plan or adequacy of the Disclosure Statement is filed in paper form as provided above, the objecting party must also submit paper copies of its objection, via prepaid U.S. mail, overnight

1302811v7

delivery, or hand delivery, to the parties at the following addresses, **so as to be actually received by the Objection Deadline**: (a) counsel to the Debtors, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, Illinois 60604, Attn: Henry B. Merens, Steven B. Chaiken, and Erich S. Buck (hmerens@ag-ltd.com, schaiken@ag-ltd.com, and ebuck@ag-ltd.com); (b) counsel to the Committee, Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Suite 1800, Chicago, IL 60606, Attn: Elizabeth Vandesteeg, Jack O'Connor, and Heidi Hockberger (evandesteeg@lplegal.com, joconnor@lplegal.com, and hhockberger@lplegal.com); (c) the UST, 219 S. Dearborn St., Room 873, Chicago, IL 60604, Attn: Jeffrey L. Gansberg (Jeffrey.L.Gansberg@usdoj.gov); and (d) counsel to SVCB, Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 W Madison Steet, Suite 3900, Chicago, IL 60606, Attn: Nathan Q. Rugg and Stanley F. Orszula (nathan.rugg@bfkn.com and stan.orszula@bfkn.com). Any objection to confirmation of the Plan or approval of the Disclosure Statement must be in writing and (y) must state the name and address of the objecting party and the amount and nature of the claim or interest of such party; and (z) must state with particularity the basis and nature of the objection. Any objection not timely filed and served as set forth herein may be waived and may not be considered by the Court.

15. Any written response to any objection(s) to confirmation or to the adequacy of the Disclosure Statement must be filed on or before May 21, 2024 at 4:00 p.m. prevailing Central Time. This deadline, however, shall be without prejudice to the Debtors or any other party in interest opposing objections to confirmation or to the adequacy of the Disclosure Statement at the Combined Hearing.

16. The form and manner of notice approved in this Order is adequate, appropriate, and satisfies the requirements of the Code, the Bankruptcy Rules, and the Court's Local Rules.

17. The following procedures for solicitation and tabulation of votes on the Plan (the "**Solicitation and Tabulation Procedures**") comply with the Code, the Bankruptcy Rules and the Court's Local Rules, and are hereby approved:

   a) On or prior to the Mailing Deadline, the Debtors shall distribute a Class 1(b) Ballot, Class 4 Ballot and Class 5 Ballot to SVCB, Class 4 Claimants, and Class 5 Claimants, respectively;

   b) With respect to a transferred claim, the transferee will be entitled to receive a Ballot (upon request) and exercise any voting rights that apply to such claim, if, on or before the Voting Record Date: (i) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed; or (ii) the transferee files (A) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (B) a sworn statement of the transferor supporting the validity of the transfer.

   c) To be counted as votes to accept or reject the Plan, all Ballots must be executed, completed, and delivered to Epiq either (i) by First-Class Mail to St. Margaret's Health – Peru, c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422, (ii) by Hand Delivery or Overnight Mail to St. Margaret's Health – Peru, c/o Epiq Ballot Processing, 10300 SW Allen Blvd, Beaverton, OR 97005, or (iii) by electronic submission using the interface available on the Chapter 11

Website at https://dm.epiq11.com/stmargarets via the "E-Ballot" link under Case Actions, so that, in each case, such Ballots are <u>actually received</u> by Epiq on or before the Voting Deadline. Only signed Ballots will be accepted, and must be received by Epiq no later than the Voting Deadline.

d) Under the Plan, Class 1(a) (SVCB Claims against SMH-P), Class 2 (Other Secured Claims) and Class 3 (Other Priority Claims) are unimpaired. As a result, Class 1(a), Class 2 and Class 3 are deemed to accept the Plan and are not entitled to vote thereon. In addition, the holders of equity interest(s) in Class 6(a)-(b) are deemed to reject the Plan, and are not entitled to vote thereon, because the Plan proposes to extinguish such equity interest(s).

e) Under the Plan, Class 1(b) (SVCB Claims against SMH-SV) is impaired and deemed allowed as set forth in the Plan. As a result, Class 1(b) shall be entitled to vote on account of such allowed claims.

f) Under the Plan, Class 4(a)-(b) (General Unsecured Claims against SMH-P and/or SMH-SV other than SIR Claims) is impaired. As a result, holders of Class 4 claims shall be entitled to vote on account of such claims.

g) Under the Plan, Class 5(a)-(b) (SIR Claims against SMH-P and/or SMH-SV) is impaired. As a result, holders of Class 5 claims shall be entitled to vote on account of such claims.

h) Solely for purposes of voting to accept or reject the Plan — and not for the purpose of the allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtors, the Committee, or any other party in interest in any other context — each claim within Class 4 and Class 5 is hereby allowed temporarily in accordance with the following rules (collectively, and together with additional rules specified below, the "**Tabulation Rules**"):[1]

(i) unless otherwise provided in the Tabulation Rules, a claim will be allowed for voting purposes in the amount of such claim as set forth in the proof of claim timely filed by such creditor, or if no proof of claim has been timely filed, in the non-contingent, undisputed, liquidated amount set forth in the Schedules;

(ii) each claim can only be voted once; if a creditor appears to have filed more than one proof of claim with respect to a single claim against a Debtor, the latest timely-filed proof of claim will be deemed to have superseded all other proofs of claim filed with respect to such claim;

---

[1] To the extent a proof of claim has been filed on or before the applicable Bar Date but no objection thereto has been filed, the claim shall be allowed for voting purposes in the amount set forth in the proof of claim, except as provided herein. If no timely proof of claim has been filed, the non-contingent, undisputed, liquidated amount set forth in the applicable Debtor's Schedules shall govern.

1302811v7

(iii)    if a claim is deemed allowed pursuant to the terms of the Plan, such claim will be allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(iv)    if the amount of a claim has been identified as "unknown" in a proof of claim, the claim will be allowed for voting purposes in the amount of $1.00.  However, an identified claim amount of "unknown" will not be allowed for voting purposes if such claim was not timely and properly filed on or before the applicable Bar Date;

(v)    if a claim is scheduled at $0.00, in an unknown amount, or as unliquidated, contingent, or disputed, and a proof of claim was not (i) timely filed by the applicable Bar Date, or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, then such claim is disallowed for voting purposes; *provided, however*, if the applicable Bar Date has not expired prior to the Voting Record Date, a claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

(vi)    if a claim has been estimated or allowed by the Court, such claim will be allowed for voting purposes in the amount so estimated or allowed by the Court;

(vii)    if a party in interest seeks to reduce or eliminate the amount of a claim in an objection filed before the Voting Deadline, such claim will be allowed for voting purposes in the amount to which the party in interest seeks to reduce such claim, pending allowance of the claim in a higher amount by the Court;

(viii)    any Ballot that is (A) properly completed, executed, and timely returned to Epiq but that does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, or (B) illegible, mutilated or incomplete, will not be counted as an acceptance or rejection of the Plan;

(ix)    if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the latest-dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots;

(x)    for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and all votes related to such claim will be treated as a single vote to accept or reject the Plan;

(xi)    creditors are required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their

1302811v7

votes – thus, a Ballot that partially rejects and partially accepts the Plan will not be counted; and

(xii)    Ballots received after the Voting Deadline will not be tabulated for determining whether a class has voted to accept or reject the Plan.

i)    Any claim holder who seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules shall be required to file a motion pursuant to Bankruptcy Rule 3018 (a "**Rule 3018 Motion**") and serve such motion on respective counsel to the Debtors, the Committee, the UST, and SVCB, such that it is received on or before May 15, 2024, at 4:00 p.m. (prevailing Central Time).  Such motion shall, to the extent necessary, be heard at the Combined Hearing.  In accordance with Bankruptcy Rule 3018, any Ballot submitted by a claim holder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules unless and until (i) the underlying claim is allowed temporarily by the Court for voting purposes in a different amount or (ii) the Debtors, in their sole discretion but in consultation with the Committee, agree to allow the claim for voting purposes in a different amount.

18.    Prior to mailing, the Debtors may make (a) final, non-substantive edits, and (b) any revisions announced on the record at the hearing on April 17, 2024, to the Disclosure Statement, the Plan, the Ballots, and all notices to be served, with such revisions to be filed with the Court and which shall be deemed approved by this Order without further notice or hearing.

19.    The fifteen-page limit pursuant to Local Rule 5005-3(D) is hereby waived with respect to the Motion, such that the Motion is permitted to exceed fifteen pages.

20.    This Court shall retain jurisdiction to hear and consider all matters arising from the interpretation or implementation of this Order.

Dated:

_____
UNITED STATES BANKRUPTCY JUDGE

*This Order Prepared by:*

HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

1302811v7

<u>**EXHIBIT A**</u>

**Combined Hearing Notice**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | |

**NOTICE OF (A) FILING OF DISCLOSURE STATEMENT AND CHAPTER 11 PLAN, (B)
OBJECTION DEADLINE, (C) VOTING DEADLINE, AND
(D) COMBINED HEARING ON DISCLOSURE STATEMENT
APPROVAL AND PLAN CONFIRMATION**

**PLEASE TAKE NOTICE** that on [_____], 2024, St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**," and each, a "**Debtor**"), and the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned jointly-administered cases (the "**Chapter 11 Cases**"), filed their proposed *Disclosure Statement with Respect to Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. ____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Disclosure Statement**"), and their proposed *Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. ____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Plan**").

**PLEASE TAKE FURTHER NOTICE** that a combined hearing to simultaneously consider approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**") will take place on **Wednesday, May 22, 2024 at 10:30 a.m. (prevailing Central Time)** before the Honorable David D. Cleary, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "**Bankruptcy Court**"), either by Zoom or in-person, at the Dirksen Federal Building, 219 South Dearborn Street, Courtroom No. 644, Chicago, Illinois 60604. To appear by Zoom using the internet, go to this link: https://www.zoomgov.com/; then enter the meeting ID and passcode. To

1

1302808v8

appear by Zoom using a telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666; then enter the meeting ID and passcode. The meeting ID for this hearing is 161 122 6457, and the passcode is Cleary644.

**PLEASE TAKE FURTHER NOTICE** that objections to approval of the Disclosure Statement or confirmation of the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection, and (d) no later than Monday, May 20, 2024, at 12:00 p.m., prevailing Central Time (the "**Objection Deadline**"), be either (i) filed electronically via the Bankruptcy Court's CM/ECF System, or (ii) if permitted by the Bankruptcy Court's *Administrative Procedures for the Case Management/Electronic Case Filing System*, filed in paper form with the Office of the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Room 713, Chicago, IL 60604.  In the event an objection to the confirmation of the Plan or approval of the Disclosure Statement is filed in paper form as provided above, the objecting party must also submit paper copies of their objection (via prepaid U.S. mail, overnight delivery, or hand delivery) to the following parties, so as to be actually received by each of them by the Objection Deadline: (a) counsel to the Debtors, Adelman & Gettleman, Ltd., 53 W. Jackson Blvd., Suite 1050, Chicago, Illinois 60604, Attn: Henry B. Merens, Steven B. Chaiken, and Erich S. Buck (hmerens@ag-ltd.com, schaiken@ag-ltd.com, and ebuck@ag-ltd.com); (b) counsel to the Committee, Levenfeld Pearlstein, LLC, 120 S. Riverside Plaza, Suite 1800, Chicago, IL 60606, Attn: Elizabeth Vandesteeg, Jack O'Connor, and Heidi Hockberger (evandesteeg@lplegal.com, joconnor@lplegal.com, and hhockberger@lplegal.com); (c) the Office of the U.S. Trustee for Region 11, 219 S. Dearborn St., Room 873, Chicago, IL 60604, Attn: Jeffrey L. Gansberg (Jeffrey.L.Gansberg@usdoj.gov); and (d) counsel to the Debtors' senior secured lender, Spring Valley City Bank ("**SVCB**"), Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 W Madison Steet, Suite 3900,

1302808v8

Chicago, IL 60606, Attn: Nathan Q. Rugg and Stanley F. Orszula (nathan.rugg@bfkn.com and stan.orszula@bfkn.com).

PLEASE TAKE FURTHER NOTICE that the Debtors and the Committee reserve their rights to file written responses to any objections to confirmation of the Plan or approval of the Disclosure Statement no later than Tuesday, May 21, 2024, at 4:00 p.m., prevailing Central Time.

PLEASE TAKE FURTHER NOTICE that if you are the holder of a claim against a Debtor(s) as of April 15, 2024 in a class entitled to vote on the Plan, you will have received, along with this notice, a ballot (a "**Ballot**") containing voting instructions appropriate for your claim.[1] If you are the holder of a claim against a Debtor(s) and you did not receive a Ballot, then your claim is unimpaired, or the Debtors and the Committee otherwise believe you are not entitled to vote on the Plan. If you did not receive a Ballot and believe you should have, please contact the Debtors' counsel in writing at the address indicated below.

PLEASE TAKE FURTHER NOTICE that the voting rights, if any, to be ascribed to each claim will be calculated in accordance with certain tabulation rules approved by the Court (the "**Tabulation Rules**"). If you have questions about the Tabulation Rules or would like to find out the voting rights to be ascribed to your claim, please contact the Debtors' counsel in writing at the address below.

PLEASE TAKE FURTHER NOTICE that for your vote to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot so that it is **actually received** by the Debtors' claims, noticing and solicitation agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), **on or before May 15, 2024, at 4:00 p.m. (prevailing Central Time).** Ballots must be delivered to Epiq either: (a) by First-Class Mail to St. Margaret's Health – Peru, c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; (b) by Hand Delivery or Overnight Mail to St. Margaret's Health – Peru,

---

[1] Any allowance of a claim is for voting purposes only, and is not intended to be and shall not be binding on the Debtors or other parties in interest for any other purpose, including claim objections, claim estimation or for the determination of the allowed amount of a claim under the Plan.

1302808v8

c/o Epiq Ballot Processing, 10300 SW Allen Blvd, Beaverton, OR 97005; or (c) by electronic submission using the interface available on the website for the Chapter 11 Cases maintained by Epiq (the "**Chapter 11 Website**") at https://dm.epiq11.com/stmargarets via the "E-Ballot" link under Case Actions. (**You are urged to carefully read all instructions received with the Ballot to ensure that your Ballot is properly completed and timely submitted.**)

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan and Disclosure Statement, as well as the Bankruptcy Court order specifying certain provisions for solicitation and tabulation of votes to accept or reject the Plan, are available electronically through the Chapter 11 Website at https://dm.epiq11.com/case/stmargarets/documents. Interested parties may also request a copy of the Plan and Disclosure Statement by contacting the Debtors' counsel in writing at the address below. Finally, for those parties represented by counsel in the Chapter 11 Cases who have filed appearances in the cases, copies of the Disclosure Statement and Plan will also be provided free of charge to their counsel via the Bankruptcy Court's CM/ECF system.

**PLEASE TAKE FURTHER NOTICE** that the Plan contains injunction, exculpation, and release provisions as follows:[2]

12.01 **Permanent Injunction**.

(a) **From and after the Confirmation Date, all holders of Claims against or Equity Interests in the Debtors or the Estates, or any of them, whether or not they are entitled to and/or have filed proofs of Claim in the Chapter 11 Cases on or before the applicable Bar Date, and their respective heirs, legal representatives, officers, directors, shareholders, employees, partners, members, subsidiaries, affiliates, representatives, agents, insurers, successors and assigns, as the case may be, shall be and are hereby permanently stayed, restrained, and enjoined from taking one or more of the following actions against the Debtors, the Estates, the Creditor Trustee and the Creditor Trust, and all of their respective heirs, legal representatives, officers, directors, shareholders, agents, employees, representatives, attorneys, successors and assigns, and each of them (collectively, the "Releasees"), for the purpose of, directly or indirectly, by claim, cross-claim, or setoff, collecting, recovering or receiving payment of, or recovery on or with respect to any Claims against or Equity Interests in the Debtors or the Estates arising out of, under, or related to the Chapter 11 Cases (the "Enjoined**

---

[2] Section numbers correspond to the applicable section numbers in the Plan. Capitalized terms used in the following sections have the respective meanings ascribed thereto in the Plan.

Claims"), whether such Enjoined Claims are presently known or unknown, or are presently asserted or assertable (other than actions brought to enforce any right or obligation under the Plan, or otherwise in favor of the Debtors, which actions will be heard by the Bankruptcy Court pursuant to Section 15.01 of the Plan):

(i)      with respect to the Enjoined Claims, commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, claim, cross-claim, or other proceeding (including, without limitation, any suit, action, claim, cross-claim, or other proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Releasees, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Releasees, or any property of any such transferee or successor;

(ii)      with respect to the Enjoined Claims, enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree or other order against the Releasees, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Releasees, or any property of any such transferee or successor;

(iii)      with respect to the Enjoined Claims, creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance against the Releasees, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Releasees, or any property of any such transferee or successor;

(iv)      with respect to the Enjoined Claims, setting off, seeking reimbursement of, contribution from, or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Releasees, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, the Releasees; and/or

(v)      with respect to the Enjoined Claims, proceeding in any manner in any place with regard to any matter that is subject to resolution pursuant to the terms of the Plan, except in conformity and compliance herewith.

(b)      Notwithstanding anything to the contrary in the Plan, the injunction set forth in this Section 12.01 shall not enjoin any of the Releasees from asserting claims, cross-claims, counterclaims, demands, setoffs, recoupments, arguments, defenses, or otherwise against any Claims filed in the Chapter 11 Cases against them or otherwise held by any party, all of which rights are hereby expressly preserved. The injunction is an integral part of the Plan because it:  (i) enjoins actions which threaten the integrity of the Estates; (ii) facilitates the expeditious and effective performance of the Plan; (iii) guards against collateral attack or interference with the consummation of the Plan and improper use of the Creditor Trust Funds; and (iv) protects the rights, interests and claims of the Releasees and all creditors in the Chapter 11 Cases. As such, the provisions of this injunction will be construed as broadly as the law and English language permit.

1302808v8

**(c)** Nothing contained herein shall: (i) relieve or diminish the duties, responsibilities, or obligations of the Releasees as set forth in the Plan; or (ii) impair any party's right to appear or bring an action in the Bankruptcy Court to enforce or assert any right or obligation under the Plan.

**(d)** If, notwithstanding the permanent injunction in favor of the Releasees set forth herein, any suit, action, claim, cross-claim, or other proceeding (including, without limitation, any suit, action, claim, cross-claim, or other proceeding in a judicial, arbitral, administrative or other forum) is brought against or affects the Releasees in violation of the terms of the Plan prior to the distribution of all monies on deposit in the Creditor Trust, the Creditor Trustee will, in its reasonable business judgment, be entitled to withhold from distribution to holders of Allowed Claims that amount of monies on deposit in the Creditor Trust Accounts which the Releasees believe will be necessary to pay for any and all judgments, claims, damages, costs, and expenses, including reasonable attorneys' fees and expenses, incurred or estimated to be incurred by the Releasees pending the entry of a Final Order resolving such dispute(s). Upon the entry of a Final Order resolving such dispute(s), the Creditor Trustee shall proceed to distribute any and all such funds withheld and not expended in accordance with the terms of the Plan.

**12.02 Channeling Injunction**.

**(a)** Upon the Effective Date, the automatic stay under Bankruptcy Code § 362 will be lifted as to all SIR Claims, but all SIR Claims will be channeled exclusively to the SIR Trust and the SIR Policies, and all of the Debtors' liability for SIR Claims will be assigned to and assumed by the SIR Trust. The sole source of recovery for holders of SIR Claims will be from the SIR Trust and the SIR Policies. Neither the holders of SIR Claims nor the SIR Trust will have any recourse to or Claims whatsoever against the Debtors or their assets and property, nor will holders of SIR Claims be entitled to treatment as a Creditor Trust Beneficiary on account of such SIR Claims. Consistent with the foregoing, all Entities that have held or asserted, or that hold or assert, any SIR Claims will be permanently and forever stayed, restrained, and enjoined from taking any action for the purpose of directly or indirectly collecting, recovering, or receiving payments, satisfaction, or recovery from any Debtor or its assets and property with respect to any SIR Claims, including any and all of the following actions:

    **(i)** commencing, conducting, or continuing, in any manner, whether directly or indirectly, any suit, action, or other proceeding of any kind in any forum with respect to any SIR Claim, against or affecting any Debtor, the Creditor Trust, or any property or interests in property of any Debtor with respect to any such SIR Claim;

    **(ii)** enforcing, levying, attaching, collecting, or otherwise recovering, by any manner or means, or in any manner, either directly or indirectly, any judgment, award, decree, or other order against any Debtor, the Creditor Trust, or against the property of any Debtor with respect to any such SIR Claim;

    **(iii)** creating, perfecting, or enforcing in any manner, whether directly or indirectly, any lien of any kind against any Debtor, Creditor Trust, or the property of any Debtor with respect to any such SIR Claim;

6

(iv)	asserting or accomplishing any setoff, right of subrogation, indemnity, **contribution, or recoupment of any kind, whether directly or indirectly, against any obligation due to any Debtor, Creditor Trust, or against the property of any Debtor with respect to any such SIR Claim; and/or**

(v)	taking any action, in any manner, in any place whatsoever, that does **not conform to, or comply with, the provisions of the Plan, Confirmation Order, or SIR Trust Agreement with respect to any SIR Claim.**

(b)	**Rights Reserved.** Notwithstanding any provisions of this Section 12.02 to the contrary, the Channeling Injunction does <u>not</u> enjoin:

(i)	the rights of holders of SIR Claims to the treatment afforded to them by the Plan, including the right to assert such claims against the SIR Trust and the SIR Policies; and

(ii)	the SIR Trust from enforcing its rights under the terms of the SIR Trust Agreement.

(c)	**Modifications**. There can be no modification, dissolution, or termination of the Channeling Injunction, which will be permanent.

(d)	**No Limitation on Channeling Injunction**. Nothing in the Plan, Confirmation Order, or the SIR Trust Agreement may be construed in any way to limit the scope, enforceability, or effectiveness of the Channeling Injunction provided for in this Plan and the Confirmation Order.

(e)	**Compliance with Bankruptcy Rule 3016**. The Debtors' compliance with the requirements of Bankruptcy Rule 3016 does not, and may not be construed to, constitute an admission that the plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code.

**12.03	Exculpation**.

(a)	**None of the Exculpated Parties will have or incur any liability for any act or omission in connection with, related to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, implementation, confirmation, or approval of this Plan, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in this Plan;** *provided, however*, **that the foregoing will not affect the liability of any Person that would result solely from any such act or omission to the extent that act or omission is determined by a Final Order of the Bankruptcy Court to have constituted willful misconduct or gross negligence or breach of fiduciary duty;** *provided further, however*, **that this provision will not limit any obligations of the Exculpated Parties under the Plan.**

(b)	**Notwithstanding the foregoing or any other provision of the Plan, nothing in this Plan or the Confirmation Order shall affect any causes of action, claims, or counterclaims that may be asserted in connection with an objection to a Claim that has not been Allowed, in each case as determined by a court of competent jurisdiction. Nevertheless, no Exculpated Party will have liability for willful misconduct or gross negligence except as determined by a Final Order of a court of competent jurisdiction.**

(c)     **No Liability for Solicitation or Participation**. As specified in § 1125(e) of the Bankruptcy Code, Persons that solicit acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code will not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

(d)     **Good Faith**. Confirmation of the Plan will constitute a finding that the Plan was proposed, and that acceptances of the Plan were solicited, in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

## SUMMARY OF PLAN:[3]

| CLASS | TYPE OF CLAIM/INTEREST | TREATMENT | VOTING RIGHTS |
|---|---|---|---|
| N/A | Unclassified Administrative Claims | *Unimpaired.* Each holder of an Allowed Administrative Claim will be paid in cash in full on the later of: (a) the Effective Date; or (b) allowance thereof by the Bankruptcy Court. | N/A |
| N/A | Unclassified Priority Tax Claims | *Unimpaired.* Each holder of an Allowed Priority Tax Claim will be paid in cash in full on the later of: (a) the Effective Date of the Plan; or (b) allowance by the Bankruptcy Court. | N/A |
| Class 1(a)-(b) | Claims of Spring Valley City Bank | Class 1(a): *Unimpaired*<br>The SVCB Allowed Class 1(a) Claim has been satisfied in full from the proceeds of the OSF Sale.<br><br>Class 1(b): *Impaired*<br>Class 1(b) Claims are divided into two (2) sub-categories:<br><br>To the extent the SVCB Allowed Class 1(b) Claim is secured, on, or as soon as reasonably practicable after, the Effective Date, SVCB will receive on account of the SVCB Allowed Class 1(b) Claim, (A) the Collateral securing the SVCB Allowed Class 1(b) Claim; (B) Cash in an amount equal to the value of the Collateral securing the SVCB Allowed Class 1(b) Claim; or (C) such other treatment as may be agreed to between the holder and SMH-SV.<br><br>To the extent the SVCB Allowed Class 1(b) Claim is unsecured, it shall be entitled to treatment in accordance with Class 4(b), including right to Pro Rata distribution(s) in cash from the Creditor Trust Assets on account of its Allowed Unsecured Claim. | Class 1(a) not entitled to vote.<br><br>Class 1(b) entitled to vote. |

---

[3] Capitalized terms used in this summary of the Plan have the respective meanings ascribed thereto in the Disclosure Statement.

1302808v8

| Class 2(a)-(b) | Other Secured Claims | *Unimpaired.* On, or as soon as reasonably practicable after, the later of the Effective Date or the date such Other Secured Claim becomes an Allowed Other Secured Claim or is otherwise payable, each holder of an Allowed Other Secured Claim will receive (i) the collateral securing such Allowed Other Secured Claim; (ii) cash in an amount equal to the value of the collateral securing such Allowed Other Secured Claim, including, to the extent applicable, post-petition interest under § 506(b) of the Bankruptcy Code; or (iii) such other treatment as may be agreed to between the holder and the applicable Debtor. | Not entitled to vote. |
|---|---|---|---|
| Class 3(a)-(b) | Priority Non-Tax Claims | *Unimpaired.* Allowed Class 2(a) Claims will be paid in order of the priorities set forth in § 507 of the Bankruptcy Code, in full, from the Creditor Trust Funds. | Not entitled to vote. |
| Class 4(a)-(b) | General Unsecured Claims (other than SIR Claims) | *Impaired.* Class 4(a) Claims and Class 4(b) Claims will be paid Pro Rata in cash from Creditor Trust Assets, net of the Creditor Trust Expenses, upon the later of: (a) the Effective the Date; (b) the date of allowance by order of the Bankruptcy Court; or (c) the date on which the Creditor Trustee makes distributions under the Plan on account of such Class 4 General Unsecured Claims. | Entitled to vote. |
| Class 5(a)-(b) | SIR Claims | *Impaired.* Distributions to each holder of an Allowed Class 5 Claim will be made by the later of: (a) 30 days of the SIR Trustee's determination that there are funds sufficient to make a distribution to holders of Allowed Class 5 Claims; and (b) 30 days of a disputed Class 5 Claim being Allowed by Final Order.<br><br>Holders of Allowed Class 5(a) and Class 5(b) Claims shall be entitled to allowance and payment of such Claims Pro Rata with all other Class 5 Claim holders (irrespective of subclass), from cash from the SIR Trust Assets, net of any SIR Trust Expenses.<br><br>Holders of Class 5(a) and Class 5(b) Claims shall also be entitled to pursue any and all any and all rights of recovery under the SIR Policies. | Entitled to vote. |
| Class 6(a)-(b) | Equity Interests | *Impaired.* Class 6 Equity Interests in SMH-P and SMH-SV are not anticipated to receive a distribution. | Not entitled to vote. Deemed to reject. |

1302808v8

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing may be adjourned from time to

 time without any notice other than a request made in open court.

HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel: (312) 435-1050
Fax: (312) 435-1059
hmerens@ag-ltd.com
schaiken@ag-ltd.com
ebuck@ag-ltd.com
**Counsel for the Debtors**

– and –

ELIZABETH B. VANDESTEEG (ARDC #6291426)
JACK R. O'CONNOR (ARDC #6302674)
HEIDI M. HOCKBERGER (ARDC #6327037)
LEVENFELD PEARLSTEIN, LLC
120 S. Riverside Plaza, Suite 1800
Chicago, Illinois 60606
Tel: (312) 346-8380
evandesteeg@lplegal.com
joconnor@lplegal.com
hhockberger@lplegal.com
**Counsel for the Official Committee
of Unsecured Creditors**

1302808v8

**EXHIBIT B**

**Form of Class 1(b) Ballot**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | |

## CLASS 1(B) BALLOT FOR ACCEPTING OR REJECTING THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

On April [____], 2024, the Court entered an order [ECF No. _____] (the "**Solicitation Procedures Order**") in the above-captioned jointly-administered chapter 11 cases (the "**Chapter 11 Cases**") approving on a conditional basis the proposed *Disclosure Statement with Respect to Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* ("**Disclosure Statement**") [ECF No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Disclosure Statement**") filed by St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**," and each, a "**Debtor**") and approving certain notice and voting procedures on the *Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Plan**") proposed by the Debtors and the Official Committee of Unseured Creditors (the "**Committee**"). The Court's conditional approval of the Disclosure Statement does not indicate final approval of the Disclosure Statement or approval of the Plan by the Court.

The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot. If you do not have a copy of the Disclosure Statement and the Plan, you may obtain a copy from Epiq Corporate Restructuring, LLC ("**Epiq**") through the website for the Chapter 11 Cases at https://dm.epiq11.com/case/stmargarets/documents.

The Disclosure Statement and the Plan identify six (6) classes (plus subclasses) of claims against and interests in the Debtors. Only Holders of (i) the Class 1(b) Claim of Spring Valley Bank, (ii) Class 4 General Unsecured Claims, and (iii) Class 5 SIR Claims, as of April 15, 2024 (the "**Voting Record Date**"), are entitled to vote on the Plan. **This Ballot is to be used only by the Holder of the Class 1(b) Claim of Spring Valley Bank as of the Voting Record Date.[1]**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Disclosure Statement and the Plan and your classification and treatment under the Plan.**

---

[1] The Class 1(a) Claim of Spring Valley City Bank has been satisfied in full and is therefore unimpaired and not entitled to vote on the Plan

**If your Ballot is not <u>actually received</u> by Epiq <u>on or before 4:00 p.m. (prevailing Central Time) on May 15, 2024</u>, your vote will <u>not</u> count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**<u>ITEM 1</u>.      AMOUNT OF CLAIM AND DEBTOR**

For purposes of voting to accept or reject the Plan, your Claim has been placed in Class 1(b). For purposes of voting to accept or reject the Plan, and subject to the terms of the Solicitation Procedures Order, the amount of your Claim and applicable Debtor is set forth below[2]:

$\$$ _____

Debtor:_____

**<u>ITEM 2</u>. ACCEPTANCE OR REJECTION OF THE PLAN**

The Holder of the Claim in Class 1(b) is eligible to vote to accept or reject the Plan.

The undersigned, the Voting Record Date Holder of Class 1 Claim(s) against the Debtor(s) (*check one box only*):

❑      **Accepts the Plan**

❑      **Rejects the Plan**

Dated: _____

Name of creditor holding claim: _____

Signature: _____

Print or type name: _____

Title (if applicable): _____

Address:       _____

_____

_____

**Please mail this Ballot according to the Instructions on the following page or vote electronically on the website maintained by Epiq according to the Instructions on the following page.**

---

[2] For voting purposes only, subject to Tabulation Rules.

# VOTING INSTRUCTIONS

1.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan or the Solicitations Procedures Order.

2.  This Ballot relates to your claim(s) as a Class 1(b) creditor of the Debtor(s). The Class 1(b) creditor entitled to vote on the Plan is the Holder of the Class 1(b) Claim of Spring Valley Bank as of the Voting Record Date. The creditor in Class 1(b) permitted to vote should complete this Ballot and return it in the enclosed postage-prepaid envelope to the following addresses or vote electronically as described in Paragraph 3 below:

**If sent by United States Postal Service, send to:**

St. Margaret's Health - Peru
c/o Epiq Ballot Processing
P.O. Box 4422
Beaverton, OR 97076-4422

**If sent by Hand Delivery or Overnight Delivery, send to:**

St. Margaret's Health - Peru
c/o Epiq Ballot Processing  10300
SW Allen Blvd.
Beaverton, OR 97005

Only the Holder of the Claim of Spring Valley Bank in Class 1(b) as of the Voting Record Date may vote, and any vote by such Holder shall be binding on and enforceable against both the Holder and any subsequent transferee or Holder of such claim. Indicate your acceptance or rejection of the Plan and the amount of your claim(s) in the spaces provided above.

3.  You may also submit your Ballot via the online portal (the "**Online Portal**") at https://dm.epiq11.com/stmargarets. Please click on the "E-Ballot" link under Case Actions. Please make sure to follow the instructions at the Online Portal to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. Ballots sent to the Debtors, the Committee, or the Court will not be counted.

4.  You must vote all of your claim(s) either to accept or to reject the Plan, and you may not split your vote. A Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

5.  Any Ballot not bearing an original signature or electronic signature via the Online Portal will not be counted. Any Ballot submitted by e-mail or facsimile will not be

1

counted. Any Ballot not indicating a vote to accept or to reject the Plan will not be counted.

6.      To have your vote counted, your Ballot must be received by **4:00 p.m. (prevailing Central Time) on May 15, 2024** (the "**Voting Deadline**") at one of the addresses above or via the electronic voting procedure described above.

7.      If a Ballot is received after the Voting Deadline, it will not be counted.

**IF YOU HAVE ANY QUESTIONS ABOUT VOTING THIS BALLOT, PLEASE CONTACT EPIQ VIA TELEPHONE AT (877) 719-1924 (TOLL-FREE) OR +1 (503) 436-7467 (INTERNATIONAL).**

# EXHIBIT C

**Form of Class 4 Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | |

## CLASS 4 BALLOT FOR ACCEPTING OR REJECTING THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

On April [____], 2024, the Court entered an order [ECF No. _____] (the "**Solicitation Procedures Order**") in the above-captioned jointly-administered chapter 11 cases (the "**Chapter 11 Cases**") approving on a conditional basis the proposed *Disclosure Statement with Respect to Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* ("**Disclosure Statement**") [ECF No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Disclosure Statement**") filed by St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**," and each, a "**Debtor**") and approving certain notice and voting procedures on the *Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Plan**") proposed by the Debtors and the Official Committee of Unseured Creditors (the "**Committee**"). The Court's conditional approval of the Disclosure Statement does not indicate final approval of the Disclosure Statement or approval of the Plan by the Court.

The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot. If you do not have a copy of the Disclosure Statement and the Plan, you may obtain a copy from Epiq Corporate Restructuring, LLC ("**Epiq**") through the website for the Chapter 11 Cases at https://dm.epiq11.com/case/stmargarets/documents.

The Disclosure Statement and the Plan identify six (6) classes (plus subclasses) of claims against and interests in the Debtors. Only Holders of (i) the Class 1(b) Claim of Spring Valley Bank, (ii) Class 4 General Unsecured Claims, and (iii) Class 5 SIR Claims, as of April 15, 2024 (the "**Voting Record Date**"), are entitled to vote on the Plan. **This Ballot is to be used only by Holders of Class 4 General Unsecured Claims as of the Voting Record Date.**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Disclosure Statement and the Plan and your classification and treatment under the Plan.**

**If your Ballot is not <u>actually received</u> by Epiq <u>on or before 4:00 p.m. (prevailing Central Time) on May 15, 2024</u>, your vote will <u>not</u> count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**<u>ITEM 1</u>.**     **AMOUNT OF CLAIM AND DEBTOR**

For purposes of voting to accept or reject the Plan, your Claim has been placed in Class 4. For purposes of voting to accept or reject the Plan, and subject to the terms of the Solicitation Procedures Order, the amount of your Claim and applicable Debtor are set forth below[1]:

$\$$_____

Debtor:_____

**<u>ITEM 2</u>. ACCEPTANCE OR REJECTION OF THE PLAN**

The Holders of Claims in Class 4 are eligible to vote to accept or reject the Plan.

The undersigned, the Voting Record Date Holder of Class 4 Claim(s) against the Debtor(s) (*check one box only*):

❑     **Accepts the Plan**

❑     **Rejects the Plan**

Dated:  _____

Name of creditor holding claim:  _____

Signature:  _____

Print or type name:  _____

Title (if applicable):  _____

Address:  _____

_____

_____

**Please mail this Ballot according to the Instructions on the following page or vote electronically on the website maintained by Epiq according to the Instructions on the following page.**

---

[1] For voting purposes only, subject to Tabulation Rules.

# VOTING INSTRUCTIONS

1.　Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan or the Solicitations Procedures Order.

2.　This Ballot relates to your claim(s) as a Class 4 creditor of the Debtor(s). Class 4 creditors entitled to vote on the Plan are Holders of Class 4 General Unsecured Claims as of the Voting Record Date. A creditor in Class 4 permitted to vote should complete this Ballot and return it in the enclosed postage-prepaid envelope to the following addresses or vote electronically as described in Paragraph 3 below:

**If sent by United States Postal Service, send to:**

St. Margaret's Health - Peru
c/o Epiq Ballot Processing
P.O. Box 4422
Beaverton, OR 97076-4422

**If sent by Hand Delivery or Overnight Delivery, send to:**

St. Margaret's Health - Peru
c/o Epiq Ballot Processing  10300
SW Allen Blvd.
Beaverton, OR 97005

Only the Holders of General Unsecured Claims in Class 4 as of the Voting Record Date may vote, and any vote by such Holder shall be binding on and enforceable against both the Holder and any subsequent transferee or Holder of such claim. Indicate your acceptance or rejection of the Plan and the amount of your claim(s) in the spaces provided above.

3.　You may also submit your Ballot via the online portal (the "**Online Portal**") at https://dm.epiq11.com/stmargarets. Please click on the "E-Ballot" link under Case Actions. Please make sure to follow the instructions at the Online Portal to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: ＿＿＿＿＿＿＿＿＿＿＿＿＿

The Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. Ballots sent to the Debtors, the Committee, or the Court will not be counted.

4.　You must vote all of your claim(s) either to accept or to reject the Plan, and you may not split your vote. A Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

5.　Any Ballot not bearing an original signature or electronic signature via the Online Portal will not be counted. Any Ballot submitted by e-mail or facsimile will not be

counted. Any Ballot not indicating a vote to accept or to reject the Plan will not be counted.

6.  To have your vote counted, your Ballot must be received by **4:00 p.m. (prevailing Central Time) on May 15, 2024** (the "**Voting Deadline**") at one of the addresses above or via the electronic voting procedure described above.

7.  If a Ballot is received after the Voting Deadline, it will not be counted.

**IF YOU HAVE ANY QUESTIONS ABOUT VOTING THIS BALLOT, PLEASE CONTACT EPIQ VIA TELEPHONE AT (877) 719-1924 (TOLL-FREE) OR +1 (503) 436-7467 (INTERNATIONAL).**

<u>**EXHIBIT D**</u>

**Form of Class 5 Ballot**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | |

### CLASS 5 BALLOT FOR ACCEPTING OR REJECTING THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION

On April [____], 2024, the Court entered an order [ECF No. _____] (the "**Solicitation Procedures Order**") in the above-captioned jointly-administered chapter 11 cases (the "**Chapter 11 Cases**") approving on a conditional basis the proposed *Disclosure Statement with Respect to Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* ("**Disclosure Statement**") [ECF No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Disclosure Statement**") filed by St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**," and each, a "**Debtor**") and approving certain notice and voting procedures on the *Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. _____] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Plan**") proposed by the Debtors and the Official Committee of Unseured Creditors (the "**Committee**"). The Court's conditional approval of the Disclosure Statement does not indicate final approval of the Disclosure Statement or approval of the Plan by the Court.

The Disclosure Statement and the Plan provide information to assist you in deciding how to vote your Ballot. If you do not have a copy of the Disclosure Statement and the Plan, you may obtain a copy from Epiq Corporate Restructuring, LLC ("**Epiq**") through the website for the Chapter 11 Cases at https://dm.epiq11.com/case/stmargarets/documents.

The Disclosure Statement and the Plan identify six (6) classes (plus subclasses) of claims against and interests in the Debtors. Only Holders of (i) the Class 1(b) Claim of Spring Valley Bank, (ii) Class 4 General Unsecured Claims, and (iii) Class 5 SIR Claims, as of April 15, 2024 (the "**Voting Record Date**"), are entitled to vote on the Plan. **This Ballot is to be used only by Holders of Class 5 SIR Claims as of the Voting Record Date.**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Disclosure Statement and the Plan and your classification and treatment under the Plan.**

**If your Ballot is not <u>actually received</u> by Epiq <u>on or before 4:00 p.m. (prevailing Central Time) on May 15, 2024</u>, your vote will <u>not</u> count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

<u>**ITEM 1**</u>**.          AMOUNT OF CLAIM AND DEBTOR**

For purposes of voting to accept or reject the Plan, your Claim has been placed in Class 5. For purposes of voting to accept or reject the Plan, and subject to the terms of the Solicitation Procedures Order, the amount of your Claim and applicable Debtor are set forth below[1]:

> $_____
>
> Debtor:_____

<u>**ITEM 2**</u>**. ACCEPTANCE OR REJECTION OF THE PLAN**

The Holders of Claims in Class 5 are eligible to vote to accept or reject the Plan.

The undersigned, the Voting Record Date Holder of Class 5 Claim(s) against the Debtor(s) (*check one box only*):

> ❑          **Accepts the Plan**
>
> ❑          **Rejects the Plan**

Dated: _____

Name of creditor holding claim: _____

Signature: _____

Print or type name: _____

Title (if applicable): _____

Address:          _____

                  _____

                  _____

**Please mail this Ballot according to the Instructions on the following page or vote electronically on the website maintained by Epiq according to the Instructions on the following page.**

---

[1] For voting purposes only, subject to Tabulation Rules.

# VOTING INSTRUCTIONS

1.	Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan or the Solicitations Procedures Order.

2.	This Ballot relates to your claim(s) as a Class 5 creditor of the Debtor(s). Class 5 creditors entitled to vote on the Plan are Holders of Class 5 SIR Claims as of the Voting Record Date. A creditor in Class 5 permitted to vote should complete this Ballot and return it in the enclosed postage-prepaid envelope to the following addresses or vote electronically as described in Paragraph 3 below:

**If sent by United States Postal Service, send to:**

St. Margaret's Health - Peru
c/o Epiq Ballot Processing
P.O. Box 4422
Beaverton, OR 97076-4422

**If sent by Hand Delivery or Overnight Delivery, send to:**

St. Margaret's Health - Peru
c/o Epiq Ballot Processing  10300
SW Allen Blvd.
Beaverton, OR 97005

Only the Holders of SIR Claims in Class 5 as of the Voting Record Date may vote, and any vote by such Holder shall be binding on and enforceable against both the Holder and any subsequent transferee or Holder of such claim. Indicate your acceptance or rejection of the Plan and the amount of your claim(s) in the spaces provided above.

3.	You may also submit your Ballot via the online portal (the "**Online Portal**") at https://dm.epiq11.com/stmargarets. Please click on the "E-Ballot" link under Case Actions. Please make sure to follow the instructions at the Online Portal to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: _____

The Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted. Ballots sent to the Debtors, the Committee, or the Court will not be counted.

4.	You must vote all of your claim(s) either to accept or to reject the Plan, and you may not split your vote. A Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

5.	Any Ballot not bearing an original signature or electronic signature via the Online Portal will not be counted. Any Ballot submitted by e-mail or facsimile will not be

counted. Any Ballot not indicating a vote to accept or to reject the Plan will not be counted.

6.　　To have your vote counted, your Ballot must be received by **4:00 p.m. (prevailing Central Time) on May 15, 2024** (the "**Voting Deadline**") at one of the addresses above or via the electronic voting procedure described above.

7.　　If a Ballot is received after the Voting Deadline, it will not be counted.

**IF YOU HAVE ANY QUESTIONS ABOUT VOTING THIS BALLOT, PLEASE CONTACT EPIQ VIA TELEPHONE AT (877) 719-1924 (TOLL-FREE) OR +1 (503) 436-7467 (INTERNATIONAL).**

# EXHIBIT E

**Limited Admin Claim Bar Date Notice**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | |

**NOTICE OF DEADLINE FOR FILING OF, AND EXCLUSIVE
PROCEDURES REGARDING, REQUESTS FOR ALLOWANCE
AND PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSES**

**TO ALL PERSONS AND ENTITIES WITH ADMINISTRATIVE EXPENSE CLAIMS AGAINST
ST. MARGARET'S HEALTH – PERU AND/OR ST. MARGARET'S HEALTH – SPRING
VALLEY:**

PLEASE TAKE NOTICE THAT, on _____, 2024, the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**"), having jurisdiction over the above-captioned jointly-administered chapter 11 cases (the "**Chapter 11 Cases**") of St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**," and each, a "**Debtor**"), entered an order (the "**Combined Hearing and Limited Administrative Bar Date Order**"): (i) setting a hearing on the adequacy of the Debtors' proposed *Disclosure Statement with Respect to Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. ____] and confirmation of the Debtors' proposed *Joint Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors* [ECF No. ____]; and (ii) establishing a bar date for requesting allowance of certain administrative expenses requiring, except as described below, all persons, entities, or governmental units (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) holding an Administrative Claim (as defined below) to file a motion in the Chapter 11 Cases requesting allowance and payment of such Administrative Claim (an "**Administrative Request**") **on or before May 15, 2024, at 4:00 p.m. (prevailing Central Time)** (the "**Limited Administrative Bar Date**").

If you have any questions relating to this Notice, please contact counsel for the Debtors listed below.

**ADMINISTRATIVE CLAIM PROCEDURES**

**Definition of Administrative Claim**

For purposes of this Notice, the term "**Administrative Claim**" shall mean (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and/or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, that (x) arises under sections 365(d)(3), 365(d)(5), or

1

1302810v5

503(b)(1) through (8) of the Bankruptcy Code and (y) first arose or accrued as to or against a Debtor, **on or after August 31, 2023, through and including April 17, 2024.**

<u>**Exclusion of 503(b)(9) Administrative Expense Claims and Rejection Damages Claims**</u>

This Notice and the deadline and procedures provided herein for Administrative Claims do not apply to any claims alleged to be entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code or any claims arising from rejection of an executory contract or unexpired lease (a "**503(b)(9) or Rejection Claim**").

Bar dates for assertion of 503(b)(9) or Rejection Claims were established by that certain *Order Setting Deadlines for Filing Proofs of Claim and Approving Form, Manner and Sufficiency of Notice* entered by the Court on November 16, 2023 [ECF No. 177] (the "**General Claims Bar Date Order**"), and these bar dates remain in effect. Likewise, the deadline for governmental units to file Proofs of Claim pursuant to the General Claims Bar Date Order remains in effect. The Combined Hearing and Limited Administrative Bar Date Order does <u>not</u> affect or extend any deadlines specified by the General Claims Bar Date Order.

<u>**Persons or Entities Who MUST File Administrative Claim Requests**</u>

Pursuant to the Combined Hearing and Limited Administrative Bar Date Order, any person or governmental unit (as those terms are defined in section 101(41) and (27) of the Bankruptcy Code, respectively) or other incorporated or unincorporated entity or association asserting an Administrative Claim must file a motion seeking allowance and payment of such Administrative Claim (an "**Administrative Request**") on or before the Limited Administrative Bar Date of **May 15, 2024, at 4:00 p.m. (prevailing Central Time)**.

<u>**Persons or Entities Who Need NOT File Administrative Requests**</u>

The following parties (collectively, the "**Excluded Administrative Claim Holders**") are not subject to the deadline and procedures provided in this Notice:

(i)     any party that has already filed a motion with the Court requesting payment of an Administrative Claim;

(ii)     any party whose Administrative Claim has been allowed by a prior order of the Court;

(iii)     Any professional advisor (*i.e.*, attorneys, financial advisors, accountants) retained by the Debtors or the Official Committee of Unsecured Creditors (the "**Committee**") under sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code and whose Administrative Claim is for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Cases;

(iv)     claims of the Debtors' claims, noticing and solicitation agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Cases;

(v)     the United States Trustee; and

(vi)     any party holding a 503(b)(9) or Rejection Claim (which claims, whether or not previously asserted, remain subject to the deadlines and procedures set forth in the General Claim Bar Date Order), or whose claims are already subject to a bar date under the General Claim Bar Date Order.

1302810v5

**<u>Procedures for Filing of and Objections to Administrative Requests</u>**

Except as to Excluded Administrative Claim Holders, the following procedures shall govern all Administrative Requests:

(i) Administrative Requests will be deemed timely filed only if actually filed or otherwise received by the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, 219 S. Dearborn Street, Room 713, Chicago, Illinois 60604, on or before the Limited Administrative Bar Date of **May 15, 2024, at 4:00 p.m. (prevailing Central Time).**

(ii) Administrative Requests must (a) comply with 11 U.S.C. § 503, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"); (b) include supporting documentation or an explanation as to why documentation is not available; (c) set forth with specificity a description of the legal and factual bases for the Administrative Claim; (d) be in the English language; and (e) be denominated in United States currency.

(iii) The Administrative Request must be filed and noticed for a hearing pursuant to the Local Rules, on a date and time when the Court normally hears chapter 11 motions or when other matters in the Chapter 11 Cases are scheduled to be heard by the Court.

(iv) Any holder of an Administrative Claim, except an Excluded Administrative Claim Holder, who fails to timely file such Administrative Request on or before the Limited Administrative Bar Date, may be forever barred from (a) asserting such Administrative Claim against the Debtors or their estates under any plan of liquidation, and (b) receiving any payment or distribution from the estates or from any post-confirmation trust created under a plan on account of the Administrative Claim.

(v) Excluded Administrative Claim Holders will not be subject to the procedures provided in this Notice, and will not be required to file an Administrative Request by the Limited Administrative Bar Date.

(vi) Rule 3007 of the Federal Rules of Bankruptcy Procedure shall apply to objections to the allowance of Administrative Claims, *provided, however,* that the objecting party may ask the Court, in an objection, to approve shortened notice of that objection. Service of any such objection need be made *only* upon (a) entities that receive electronic notice via the Court's CM/ECF system, and (b) the holder of the Administrative Claim that filed the Administrative Request being objected to, at the address for such person or entity contained in the Administrative Request, if such person or entity does not receive notice electronically through the Court's CM/ECF system.

(vii) Any Administrative Claims that are allowed by the Court: (a) shall be paid in the sole discretion of the Debtors, but after consultation with and upon no less than three (3) business days' notice to the Committee (unless otherwise agreed to by the Committee); or (b) if not so paid, then (1) pursuant to and in accordance with the terms of a confirmed plan of liquidation in the Chapter 11 Cases or (2) if no such plan is confirmed, then, pursuant to the provisions of the Bankruptcy Code.

**Consequences of Failure to File an Administrative Request**

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS REQUIRED TO FILE, BUT FAILS TO FILE, AN ADMINISTRATIVE REQUEST IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN ON OR BEFORE THE LIMITED ADMINISTRATIVE BAR DATE (A) MAY BE FOREVER BARRED AND ESTOPPED FROM ASSERTING ITS ADMINISTRATIVE CLAIM(S) AGAINST THE DEBTORS AND/OR THEIR ESTATES AND (B) MAY NOT BE PERMITTED TO RECEIVE PAYMENT FROM THE DEBTORS' ESTATES OR PARTICIPATE IN ANY DISTRIBUTION UNDER ANY PLAN IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH ADMINISTRATIVE CLAIM(S).

**Reservation of Rights**

The Debtors reserve the right to object to (i) any claim, whether filed or scheduled (e.g., as contingent, unliquidated or disputed), and (ii) any Administrative Claim on any ground, or to dispute, or to assert offsets against or defenses to, any claim, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent and/or unliquidated.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH A DEBTOR(S) BUT MAY NOT HAVE ANY UNPAID ADMINISTRATIVE EXPENSE CLAIMS AGAINST A DEBTOR(S). THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM, OR THAT THE DEBTORS OR THE COURT BELIEVES THAT YOU HAVE A CLAIM. UNDER THE ADMINISTRATIVE CLAIM PROCEDURES PROVIDED HEREIN, YOU SHOULD NOT FILE AN ADMINISTRATIVE REQUEST IF YOU DO NOT HAVE A CLAIM AGAINST A DEBTOR(S) THAT AROSE OR ACCRUED ON OR AFTER AUGUST 31, 2023 THROUGH AND INCLUDING APRIL 17, 2024. YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE AN ADMINISTRATIVE REQUEST. NEITHER THE ATTORNEYS FOR THE DEBTORS NOR THE CLERK'S OFFICE IS AUTHORIZED TO PROVIDE YOU WITH ANY LEGAL ADVICE.

Dated: _____, 2024

HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel: (312) 435-1050
Fax: (312) 435-1059
hmerens@ag-ltd.com
schaiken@ag-ltd.com
ebuck@ag-ltd.com
Counsel for the Debtors