**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23 B 11641 |
| ST. MARGARET'S HEALTH – PERU and | ) | (Jointly administered) |
| ST. MARGARET'S HEALTH – SPRING | ) | |
| VALLEY, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Judge David D. Cleary |

**OPINION**

This matter comes before the court on the motion of St. Margaret's Health – Peru

("SMH-P") and St. Margaret's Health – Spring Valley ("SMH-SV") (collectively "Debtors" and

each, a "Debtor") for the entry of an order: (i) scheduling a combined hearing (the "Combined

Hearing") on the adequacy of the proposed Disclosure Statement with Respect to Joint

Liquidating Plan Proposed by the Debtors and Official Committee of Unsecured Creditors (as it

may be amended, supplemented or modified from time to time pursuant to the terms thereof,

the "Disclosure Statement") and confirmation of the proposed Joint Liquidating Plan Proposed

by the Debtors and Official Committee of Unsecured Creditors (as it may be amended,

supplemented or modified from time to time pursuant to the terms thereof, the "Plan"); (ii)

conditionally approving the Disclosure Statement; (iii) approving Plan solicitation procedures;

(iv) approving a form of ballot and notice of the Combined Hearing; (v) scheduling certain dates

and deadlines in connection with Plan confirmation; (vi) establishing a bar date for requesting

allowance of certain administrative expenses; (vii) waiving the fifteen-page limit under Local

Rule 5005-3(D); and (viii) granting related relief (the "Motion").  The U.S. Trustee objected

("Objection") to the Motion to the extent that Debtors seek conditional approval of the

Disclosure Statement and the setting of a Combined Hearing.  Debtors filed a reply ("Reply") in

support of the Motion.  The Official Committee of Unsecured Creditors ("Committee") filed a

joinder ("Joinder") to Debtors' Reply.

For the reasons stated below, the court overrules the Objection.  The court will grant the

Motion, including the requests for conditional approval of the Disclosure Statement and setting a

Combined Hearing.

## I.    JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district

court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. §

157(b)(2)(A), (B), (L) and (O). Venue is proper under 28 U.S.C. § 1409(a).

## II.    BACKGROUND

SMH-P or its predecessors, Peoples' Hospital and Illinois Valley Community Hospital,

operated a 49-bed licensed acute-care hospital and related clinics in and around Peru, Illinois (the

"Peru Facilities").

SMH-SV or its predecessor, St. Margaret's Hospital doing business as St. Margaret's

Health, operated a 44-bed licensed acute-care hospital and related clinics in Spring Valley,

Illinois and surrounding communities (the "Spring Valley Facilities").

The origins of the Peru Facilities and the Spring Valley Facilities date back to the early

20th century.  They were separate institutions for much of their existence, but entered into an

affiliation agreement in October 2020.  This change was designed to provide a comprehensive

spectrum of healthcare services in the Illinois Valley community.

Due to numerous issues, however, including the continued onset of the COVID-19

pandemic, a ransomware attack in February 2021, a year-long implementation and conversion to

a cloud-based electronic medical records system and the departure of a physicians group in

January 2023, the Debtors were unable to take advantage of the economies of scale resulting from their consolidated operations.

Between 2018 and 2021, the average daily census at each hospital declined.  Their facilities lost significant amounts of money on operations.  Debtors engaged a consulting group to assist in assessing strategic alternatives, and eventually hired an investment banking firm to explore the marketing and sale of their facilities.

By the middle of June 2023, Debtors executed an asset purchase agreement with OSF Healthcare System and related entities ("OSF").  SMH-SV deposited net sale proceeds from the first stage of the sale to OSF into an account at Spring Valley City Bank ("Bank").  Shortly thereafter, the Bank swept over $7 million from SMH-SV's account.  As a result, the Spring Valley hospital shut down on June 16, 2023.  The Peru hospital had already closed in January 2023.

The Debtors and their consultant then prepared a wind-down plan.  On August 31, 2023, the Debtors filed for relief under chapter 11 of the Bankruptcy Code.  Their bankruptcy cases are jointly administered.

On September 13, 2023, the U.S. Trustee filed a Notice of Appointment of Official Unsecured Creditors' Committee, thereby appointing the Committee.  The Committee retained counsel shortly thereafter.  Counsel for the Committee immediately filed notices of objection to several motions and has been active in the bankruptcy cases ever since.

Also on September 13, 2023, Debtors filed a motion seeking court authority to effectuate the sale to OSF ("Sale Motion").  The Committee filed a "limited" objection to the Sale Motion, the Ad Hoc Committee of Healthcare Professionals ("Ad Hoc Committee") filed a reservation of rights, the United States Department of Health and Human Services filed an objection and the

3

Debtors filed a letter objection that their counsel had received from the First Congregational Church of Peru, Illinois. The parties eventually resolved their differences, and the court approved the sale. The closing occurred on November 16, 2023.

Since that time, Debtors have sought rejection of over 300 executory contracts and/or unexpired leases, asked the court to establish a bar date and sent notice of that date to all addresses contained in the Debtors' original creditor lists.

On April 10, 2024, Debtors filed the Motion. The U.S. Trustee filed a notice of objection before the scheduled hearing on April 17, 2024. At the parties' request, the court continued the hearing on the Motion to April 24, and then again to May 1, 2024.

On April 30, 2024, Debtors filed the Disclosure Statement and Plan. Both the Disclosure Statement and the Plan are jointly proposed by the Debtors and by the Committee. The Committee supports the Disclosure Statement as containing adequate information. It also supports the proposed process of conditional approval of the Disclosure Statement and holding the Combined Hearing.

At the hearing on May 1, 2024, the Debtors represented to the court that the Disclosure Statement and Plan had been vetted with the key constituencies in the bankruptcy cases, and that comments received from those parties had been reviewed and incorporated. With the exception of the U.S. Trustee, no party in interest objected to the relief sought in the Motion.

The Debtors and the U.S. Trustee presented oral argument on May 1, 2024, on both the question of whether a combined hearing on the Disclosure Statement and Plan could be held, and on whether this court has the authority to conditionally approve the Disclosure Statement prior to the Combined Hearing. The court then allowed the U.S. Trustee until May 3, 2024 at 5:00 p.m. to file the Objection, which he timely did. The Debtors filed the Reply on May 6, 2024, and the

4

Committee filed its Joinder the same day.  On May 7, 2024, the Debtors withdrew the Disclosure Statement and Plan, and filed new versions several hours later.

### III.   DISCLOSURE AND SOLICITATION OF DEBTORS' CHAPTER 11 PLAN

There are two questions before the court today: (1) Whether the court may authorize a combined hearing on the Disclosure Statement and Plan; and (2) If the court authorizes a combined hearing, whether it may conditionally approve the Disclosure Statement.  For the reasons stated below, the court answers both questions in the affirmative.

Our inquiry must begin with the language of the Bankruptcy Code. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). Therefore, "[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances." *Rubin v. United States*, 449 U.S. 424, 430 (1981) (quotation omitted).

The U.S. Trustee agrees that "[w]e start, as we must, with the language of the statute." *In re Grabill Corp.*, 967 F.2d 1152, 1153 (7th Cir. 1992).  11 U.S.C. § 1125(b) is clear that solicitation of votes cannot occur unless an approved disclosure statement has been transmitted to those who will vote.  Then, 11 U.S.C. § 105(d)(2)(B)(vi) tells us how and when we can use a combined disclosure statement and confirmation hearing in a chapter 11 case.  The facts of this case support that application of the Code.

### A.  The Disclosure Statement contains adequate information

11 U.S.C. § 1125(b) frames the requirements for disclosure and solicitation in chapter 11 cases.  Pursuant to § 1125(b):

5

An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing *adequate information*. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

11 U.S.C. § 1125(b) (emphasis added).  The Bankruptcy Code defines "adequate information"

as:

(1)…information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; and

(2) "investor typical of holders of claims or interests of the relevant class" means investor having--

(A) a claim or interest of the relevant class;

(B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and

(C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a).

The Debtors developed the Disclosure Statement and Plan in conjunction with the Committee.  They also took comments from other parties in interest, including the Bank and the U.S. Trustee.  As Debtors assert in the Motion, and as the court has confirmed from its own review, the Disclosure Statement contains detailed information regarding the background of

these bankruptcy cases and the major events that have occurred during the cases. It provides information regarding distributions under the Plan, the implementation of the Plan, and classification and treatment of claims and interests. No party in interest disputes that the Disclosure Statement contains adequate information.

The Disclosure Statement must provide information with sufficient detail, as far as is reasonably practicable, to permit an "informed judgment" by those parties that will vote on the Plan. *See* 11 U.S.C. § 1125(a); *In re Mountain Glacier LLC*, 877 F.3d 246, 248 (6th Cir. 2017) (A disclosure statement "is essentially an inventory of all the debtor's assets and liabilities, which the debtor files with the court and shares with creditors. That inventory gives creditors the information they need to make an informed judgment about the reorganization plan[.]") (citation and quotation omitted); *In re Budd Co., Inc.*, 550 B.R. 407, 413 (Bankr. N.D. Ill. 2016) ("The Disclosure Statement should be clearly written with sufficient information as to enable the creditors to make [an] informed judgment about the plan.") (quotation omitted).

Here, there are six classes of claims or interests, each with two subdivisions, and two groups of unclassified claims. Classes 1(b), 4 and 5 are entitled to vote. Class 1(b) treats the claim of the Bank, who has been represented by counsel during the cases. Class 4 is comprised of the general unsecured claims. The class of general unsecured claims is represented by the Committee, which is a co-sponsor of the Disclosure Statement and supports conditional approval. Class 5, also a general unsecured class, consists of creditors holding claims against the SIR Trust. Having reviewed the Motion and the Disclosure Statement and heard the presentations in open court, the court finds that the Disclosure Statement contains adequate information as required by § 1125.

**B.  The court will conditionally approve the Disclosure Statement**

11 U.S.C. § 1125(b) provides that acceptances or rejections of plans may not be solicited unless an approved disclosure statement is transmitted to holders of claims or interests with that plan.  This section does not explicitly provide for conditional or interim approval of a disclosure statement, but neither does it prohibit it.  It does require approval of the disclosure statement "after notice and a hearing."

According to 11 U.S.C. § 102(1), "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]"  In these circumstances, appropriate notice and opportunity for hearing has been provided.  The Debtors filed the Motion on April 10, 2024, providing seven days' notice as required by our Local Bankruptcy Rules.  The court conducted a hearing on April 17, 2024, and then continued the Motion twice before entering a briefing schedule.  At the time of this ruling, the Motion has been on file for 28 days and generated only one objection.  It has received not just appropriate notice and opportunity for hearing, but far more than is given to most matters before this court.  All parties who wished to be heard have had ample opportunity to present their positions, and the only objection, written or verbal, is from the U.S. Trustee.

Debtors have indicated that they will seek full and final approval of the Disclosure Statement at the Combined Hearing.  Such final approval is required pursuant to § 1125(b) and Fed. R. Bankr. P. 3017.  Rule 3017 provides, in relevant part:

> Except as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto....

Following the hearing the court shall determine whether the disclosure statement
should be approved.

Fed. R. Bankr. P. 3017.

Since the Debtors have requested a *combined* hearing on the Disclosure Statement and

Plan, conditional approval is required before solicitation of the Plan may begin.  Because the

court will approve the combined hearing procedure, as discussed below, conditional approval is

appropriate.  *See In re Northwest Bancorporation of Illinois, Inc.*, Case No. 21 B 8123 (Bankr.

N.D. Ill. Feb. 23, 2023), at EOD 226 (approving disclosure statement on an interim basis and

scheduling a combined hearing on plan and disclosure statement); *In re Gulf Packaging, Inc.*,

Case No. 15 B 15249 (Bankr. N.D. Ill. Nov. 3, 2015), at EOD 264 (approving disclosure

statement on a conditional basis and scheduling a combined hearing on plan and disclosure

statement).  *See also* Local R. 3017-2 Combined Hearings on Approval of Disclosure Statements

and Confirmation of Plans in Chapter 11 Cases (Bankr. D. Del.) ("[A] plan proponent may file a

motion requesting Court permission … (2) for interim approval of the disclosure statement[.]");

Local R. 3017(b) (Bankr. D. Nev.) ("In any chapter 11 case, including small business chapter 11

cases, the court may, on application of the plan proponent or on its own initiative, conditionally

approve a disclosure statement."); Local Bankr. R. 3017-3 Disclosure Statement – Cases that Are

Not Small Business Cases (Bankr. N.D. Tex.) ("In appropriate circumstances, a plan proponent

may file a motion requesting (i) conditional approval of a disclosure statement[.]").[1]

Conditional approval is just that – conditional.  The court may revisit the question of the

adequacy of disclosure at plan confirmation, if necessary.  *See In re Islet Sciences, Inc.*, 640 B.R.

---

[1] Several jurisdictions have adopted local rules setting forth a procedure for conditional approval and combined
hearings in non-small business chapter 11 cases.  Adoption of such rules is presumptively in accordance with the
Bankruptcy Code.  *See* Fed. R. Bankr. P. 9029.  The absence of a local rule governing combined hearings in the
Northern District of Illinois does not affect the statutory interpretation of §§ 105(d) and 1125(b).  Rather, the
presence of such rules in other jurisdictions supports the validity of a combined hearing as authorized by the Code.

425, 460 (Bankr. D. Nev. 2022) (quotation omitted) ("Reassessing the adequacy of disclosure from the vantage of the confirmation hearing is an efficient safeguard of the integrity of the reorganization process."). Indeed, even when a disclosure statement has been fully approved at a separate, earlier hearing, the court may consider at confirmation whether adequate information was provided prior to solicitation. *See* 11 U.S.C. § 1129(a)(2) ("The court shall confirm a plan only if all of the following requirements are met… (2) [t]he proponent of the plan complies with the applicable provisions of this title.").

For all of the reasons above, the court will conditionally approve the Disclosure Statement.

### C. The court will allow a combined hearing on the Disclosure Statement and Plan

11 U.S.C. § 1125(b) provides that the requirement of approval of the adequacy of information in a disclosure statement is applicable to all chapter 11 cases. Section 1125(f) describes the procedure for a subcategory of chapter 11 cases, providing that:

(f) Notwithstanding subsection (b), in a small business case--

> (1) the court may determine that the plan itself provides adequate information and that a separate disclosure statement is not necessary;

> (2) the court may approve a disclosure statement submitted on standard forms approved by the court or adopted under section 2075 of title 28; and

> (3)      (A) the court may conditionally approve a disclosure statement subject to final approval after notice and a hearing;

>> (B) acceptances and rejections of a plan may be solicited based on a conditionally approved disclosure statement if the debtor provides adequate information to each holder of a claim or interest that is solicited, but a conditionally approved disclosure statement shall be mailed not later than 25 days before the date of the hearing on confirmation of the plan; and

>> (C) the hearing on the disclosure statement may be combined with the hearing on confirmation of a plan.

11 U.S.C. § 1125(f).  Although § 1125(f) provides a specific entitlement to a combined hearing in small business cases, it neither addresses nor prohibits the use of a combined hearing in the remaining universe of chapter 11 cases.

A traditional path for confirmation of a chapter 11 plan for a debtor in that remaining universe would provide 28 days' notice of the hearing on the disclosure statement, and then an additional 28 days' notice of the hearing on confirmation of the plan.  *See* Fed. R. Bankr. P. 2002(b).

That traditional path, however, is not the only path available to chapter 11 debtors who are not in a small business case.  11 U.S.C. § 105(d) provides that, unless it is inconsistent with another provision of Title 11 or with an applicable Federal Rule of Bankruptcy Procedure, a court, on its own motion or on the request of a party in interest, may issue an order

> prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that--…

> (B) in a case under chapter 11 of this title--

> > (i) sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

> > (ii) sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;

> > (iii) sets the date by which a party in interest other than a debtor may file a plan;

> > (iv) sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

> > (v) fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or

> > (vi) *provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.*

11 U.S.C. § 105(d) (emphasis added).

The U.S. Trustee argues that – despite the plain language of § 105(d)(2)(B)(vi) – this section does not actually allow the court to order a combined hearing in these cases.  He writes that "[a]pproving a joint hearing is 'incompatible' with § 1125(b), which plainly requires approval of a disclosure statement *before* solicitation can occur."  (Objection, ¶ 36.)

This argument is not supported by the Code or the facts of this case.  The statutes are not incompatible, because the court is providing a conditional approval of the Disclosure Statement before the Debtors solicit acceptances of the Plan.  While final approval of the adequacy of the information in the Disclosure Statement will occur at the Combined Hearing, this is not materially different from the traditional path of separate hearings.  A court must always determine, at the time of confirmation, whether the plan proponent provided adequate information prior to solicitation.

The U.S. Trustee further argues that

[r]ead together, sections 105(d)(2)(B)(vi), 1125(b) and 1125(f) simply authorize the court to approve a joint hearing in a small business case. Had Congress wanted to authorize joint hearings in standard chapter 11 cases it would have explicitly stated so in section 1125(b) or section 1125(f). The fact that Congress took the time to craft an entire subsection of the Bankruptcy Code on this point and then carved out an exception for small business cases is a clear indication that Congress only intended for the exception to apply in small business cases.

(Objection, ¶ 37.)

In support of his argument, the U.S. Trustee cites *In re Amster Yard Associates*, 214 B.R. 122 (Bankr. S.D.N.Y. 1997).  The plan proponent in *Amster Yard*, who was not the debtor, sought preliminary approval of a disclosure statement in order to proceed with a combined hearing.  The court determined that § 105(d) did not authorize preliminary approval.

In the very next paragraph, however, the *Amster Yard* court wrote:

Furthermore, even if a court can preliminarily approve a disclosure statement, it should exercise this power sparingly. Preliminary approval comes after the court's *ex parte* review. This is not the best or most efficient approach. The United States

12

> Trustee, the creditors and the other parties in interest are more familiar than the court with the case, and are more likely to spot inaccuracies and deficiencies. In addition, participants in the case should have the chance to review the proposed disclosure statement, raise potential objections with the plan proponent, negotiate necessary changes, and present a "cleaner," amended disclosure statement for judicial approval.

*Amster Yard*, 214 B.R. at 125.

The Disclosure Statement before the court today invokes none of the concerns raised by the *Amster Yard* court. In fact, the present situation is exactly the sort envisioned by the *Amster Yard* court to be the ideal for that sparing exercise of the power to conditionally approve. This Disclosure Statement was not submitted to the court for *ex parte* review, but instead was the subject of extensive review, discussion and commentary by the creditors and other parties in interest. Participants in these cases had the opportunity to "review the proposed disclosure statement, raise potential objections with the [Debtors and] negotiate necessary changes[.]" *Id.* Even if this court subscribed to *Amster Yard's* caution that the power to conditionally approve should be exercised sparingly, this is just the scenario under which such exercise is appropriate.

Moreover, this court does not agree with *Amster Yard's* determination and the U.S. Trustee's argument that § 105(d)(2)(B)(vi) is limited in its application to small business cases. Section 1125(b) allows solicitation of a plan after approval of a disclosure statement that contains adequate information. The U.S. Trustee argues that combined hearings are limited to small business cases, as provided in § 1125(f); however, the Bankruptcy Code contains no such prohibition. Instead, it provides for combined hearings that promote an economical and expedited resolution. *See In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009).

Section 1125(f) begins with the word "[n]otwithstanding[.]" That means that although most chapter 11 cases must follow what the court has described as the "traditional" route to confirmation, small business cases are excepted from that requirement without condition. *See,*

13

*e.g.*, *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 583 U.S. 366, 379 (2018) (Notwithstanding

"indicates that § 546(e) operates as an exception to the avoiding powers afforded to the trustee

under the substantive avoidance provisions. *See* A. Scalia & B. Garner, Reading Law: The

Interpretation of Legal Texts 126 (2012) ('A dependent phrase that begins with *notwithstanding*

indicates that the main clause that it introduces or follows derogates from the provision to which

it refers').").  The use of "notwithstanding" does not designate a clash of statutory provisions, but

instead should be read to mean that small business chapter 11 cases may use this procedure

*without clearing the hurdle in § 105(d)* that the court deem a combined hearing "appropriate to

ensure that the case is handled expeditiously and economically[.]"

In other words, use of a combined hearing is automatically permissible in a small

business case.  If a non-small business chapter 11 debtor would like the court to authorize a

combined hearing, however, it must satisfy the prerequisites in § 105(d).  *See Gulf Coast Oil*,

404 B.R. at 425 ("The Bankruptcy Code does not prohibit simplification of procedures for

debtors that are not small business debtors. In fact, Bankruptcy Code § 105(d) requires a

bankruptcy court to hold a case management conference at which the court will issue such orders

as are appropriate for the expeditious and economical resolution of the case, including … an

order providing for combination of the hearing on the plan and disclosure statement.") (footnote

omitted).

Congress made the determination that small business debtors would always be allowed to

use a combined hearing, recognizing the economic benefits and greater efficiency obtained from

that procedure.  This determination does not preclude the remaining universe of chapter 11

debtors from using a combined hearing, and in fact, Congress explicitly contemplated that they

might request it.  In § 105(d)(2)(B)(vi), Congress provided for its use in a non-small business case, so long as the conditions precedent are satisfied.

Other courts have reached the same conclusion, that § 105(d)(2)(B)(vi) allows traditional chapter 11 debtors to request a combined hearing on the disclosure statement and plan, and for the court to grant that request.  *See In re Colony Beach & Tennis Club, Inc.*, 508 B.R. 468, 487 (Bankr. M.D. Fla. 2014), *aff'd sub nom. Colony Lender, LLC v. Breakpointe, LLC*, No. 8:15-cv-993-T-30, 2015 WL 3689075 (M.D. Fla. June 12, 2015) ("Section 105(d)(2)(B) expressly permits the hearing on approval of the disclosure statement to be combined with the hearing on confirmation of a Chapter 11 plan."); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 425 (Bankr. S.D. Tex. 2009) ("Pursuant to 11 U.S.C. § 105(d)(2)(B)(vi), this Court scheduled a simultaneous hearing on the Amended Disclosure Statement and the Amended Plan for reasons of judicial efficiency and economy. Therefore, the Court's approval of the Amended Disclosure Statement at the confirmation hearing instead of at a prior separate hearing does not preclude confirmation under § 1129(a)(2)."). *See also In re HC OLDCO, INC. f/k/a Arro Corp.*, Case No. 19 B 35238 (Bankr. N.D. Ill. July 1, 2020), at EOD 241 (scheduling combined hearing on plan and disclosure statement); *In re Marbles Holdings, LLC*, Case No. 17 B 3309 (Bankr. N.D. Ill. Aug. 1, 2017), at EOD 363 (same); *In re Hearthside Baking Co., Inc.*, Case No. 08 B 1187 (Bankr. N.D. Ill. Jan. 9, 2009), at EOD 206 (same).

## 1. Canons of statutory construction support a combined hearing

### a. Surplusage

Why would Congress have provided in § 105(d)(2)(B)(vi) that bankruptcy courts may issue an order combining the disclosure statement and plan confirmation hearings if necessary to ensure that the case is handled expeditiously and economically, when § 1125(f) already allows it

without that condition in small business cases?   The reason must be that Congress intended the limiting language in § 105(d)(2)(B)(vi) to be applicable in non-small business cases.

To read the Code as the U.S. Trustee suggests – that "sections 105(d)(2)(B)(vi), 1125(b) and 1125(f) simply authorize the court to approve a joint hearing in a small business case" – would be to render § 105(d)(2)(B)(vi) superfluous.  That reading would violate the canon against surplusage.  "The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 159 (2021) (quotation omitted).  Indeed where, as with the U.S. Trustee's interpretation, the statutory construction would "render an entire subparagraph meaningless … the canon against surplusage applies with special force." *Pulsifer v. United States*, 601 U.S. ___,144 S. Ct. 718, 732 (2024) (quotation omitted).

**b. Presumption against ineffectiveness**

Similarly, the presumption against ineffectiveness supports the court's reading of the Bankruptcy Code, and cuts against the interpretation offered by the U.S. Trustee.  This presumption relies on "the idea that Congress presumably does not enact useless laws." *United States v. Castleman*, 572 U.S. 157, 178 (2014) (Scalia, J., concurring).  Instead, the court should favor "a textually permissible interpretation that furthers rather than obstructs a text's purpose[.]" *Beeler v. Saul*, 977 F.3d 577, 589 (7th Cir. 2020) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 63-65 (2012)). *See also United States v. Olson*, 98 F.4th 840, 842 (7th Cir. 2024) ("judges should not interpret statutes in a way that makes them ineffectual").

In this case, the textually permissible interpretation, which also avoids rendering a statute ineffective, is the one suggested by the Debtors' request.  Reading § 1125(b) together with §

16

105(d)(2)(B)(iv), the court concludes that a combined hearing on the Disclosure Statement and Plan would be appropriate, if it is necessary to ensure that the case is handled expeditiously and economically.

### 2. Addressing the U.S. Trustee's arguments

#### a. Debtors' reliance on 11 U.S.C. § 105 is appropriate

The U.S. Trustee cites *Fesco Plastics* for the proposition that by allowing small business debtors to choose a combined hearing without any conditions, Congress limited that choice to small business debtors only. *See Matter of Fesco Plastics Corp., Inc.*, 996 F.2d 152, 156 (7th Cir. 1993). This citation is disingenuous. In *Fesco*, the panel was asked to consider the scope of the bankruptcy court's equitable power. The appellants relied purely on 11 U.S.C. § 105(a), which allows courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." They sought an addition to the Code, through the operation of § 105(a).

In this case, the Debtors do not seek relief that is prohibited by the Code, and they do not rely on § 105(a) to request that this court use its equitable powers to add on to the Code. This court has not been asked "to do whatever is necessary to reach an equitable result[.]" *Fesco*, 996 at 157. Instead, standing on the firm statutory ground created by the intersection of § 1125(b) and § 105(d)(2)(B)(vi), the Debtors request relief that is available if certain conditions are met.

The Bankruptcy Code does not *prohibit* non-small business debtors from using combined hearings on the disclosure statement and plan. In fact, the Code provides exactly the opposite. Congress determined that small business debtors may *always* use the combined hearing process, and that other chapter 11 debtors may do so if the court "deems [it] appropriate to ensure that the

case is handled expeditiously and economically[.]"  Congress knew how to draft the result it wanted, and it did so.  *See* 11 U.S.C. § 105(d)(2)(B)(vi).

This is not a situation where Congress included particular language in one section but omitted it elsewhere, as the U.S. Trustee suggests.  *See In re Concepts Am., Inc.*, 625 B.R. 881, 887 (Bankr. N.D. Ill. 2021) ("[T]he concept [is] *expressio unius est exclusio alterius*, which means 'to express or include the one thing implies the exclusion of the other.'").  Congress authorized combined hearings on disclosure statements and plans in chapter 11 cases.  The general rule is that those combined hearings are authorized only when "the court deems [it] appropriate to ensure that the case is handled expeditiously and economically[.]"  11 U.S.C. § 105(d).  The exception to that general rule is that in small business cases, the debtor is automatically entitled to a combined hearing.

The U.S. Trustee continues to suggest that Debtors are relying solely on 11 U.S.C. § 105(a) in requesting a combined hearing on the Disclosure Statement and Plan.  He cites Supreme Court precedent for the proposition that § 105 "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code."  *Law v. Siegel*, 571 U.S. 415, 421 (2014) (quotation omitted).  While this proposition is accurate, it is not relevant to the court's reasoning or decision today.  Debtors are not asking the court to use § 105(a) to create a remedy, as the chapter 7 trustee did in *Law*.

Courts *are* allowed to use § 105(a) to implement other sections of the Bankruptcy Code.  Here, those statutes are § 1125(b) (once a disclosure statement is conditionally approved, the plan proponent may use it to solicit acceptances and rejections) as well as § 105(d) (a combined hearing may be held if the court determines that certain conditions are satisfied).  Despite the U.S. Trustee's suggestion, the court is not using § 105(a) as the basis for its authority to take an

18

action that is "not expressly prohibited" by the Code.  Rather, the court can use § 105(a) to carry out the procedure allowed by § 1125(b) and § 105(d) by conditionally approving the disclosure statement, subject to final approval.  There can be no doubt that this use is appropriate, as the Seventh Circuit would agree:

> Though section 105(a) does not give the bankruptcy court carte blanche—the court cannot, for example, take an action prohibited by another provision of the Bankruptcy Code, *Law v. Siegel*, —— U.S. ——, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146 (2014); *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004)—it grants the extensive equitable powers that bankruptcy courts need in order to be able to perform their statutory duties.

*In re Caesars Ent. Operating Co., Inc.*, 808 F.3d 1186, 1188 (7th Cir. 2015).

3. **A combined hearing on the Disclosure Statement and Plan would ensure that the case is handled expeditiously and economically**

Debtors contend in their Motion, in accordance with the position they have taken during presentations in open court, that they have limited resources available for exiting chapter 11.  The court has been informed that the employees who fill Debtors' leadership positions may be leaving after June 30, 2024, less than two months from the date of this ruling.  Debtors contend that a "Combined Hearing will ultimately benefit the Debtors' estates and creditors by minimizing administrative expenses and expediting the Debtors' exit from chapter 11."  (Motion, ¶ 25.)

The U.S. Trustee's Objection is devoid of any argument or analysis of the facts and circumstances of this case, and whether a combined hearing would contribute to its economic and efficient conduct.  The court can only surmise that this is because a combined hearing is so clearly to the benefit of all parties involved.  As the Debtors wrote:

> The universe of parties in interest that have actively participated in the Chapter 11 Cases has been fairly limited, and as with all noticed parties, such participants will have ample opportunity to review and consider the Plan and Disclosure Statement and respond in kind.  Further, the Debtors have taken pains to resolve any potential objections in advance of presentment of motions and other requests

19

for relief in the Chapter 11 Cases, and expect to do the same with respect to Plan confirmation.  Indeed, the Committee, which represents the interests of the general unsecured creditors and is a co-proponent of the Plan with the Debtors, agrees with the Debtors that a Combined Hearing is in the best interests of the estates, and supports the request for same.

(Motion, ¶ 26.).  The court notes that no objection to the Motion was filed by the Bank, which has been an active participant in the cases, nor by the Ad Hoc Committee.  One of the primary purposes of chapter 11 is to maximize the property available to satisfy creditors.  *See Bank of Am. Nat. Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  It cannot be over-emphasized, therefore, that the Official Committee of Unsecured Creditors has not just refrained from objecting to the Motion but is a joint proponent of the Plan, and supports the use of a combined hearing for the disclosure and solicitation process in these cases.

### IV.    CONCLUSION

The parties sought resolution of two issues: (1) Whether the court may authorize a combined hearing on the Disclosure Statement and Plan; and (2) If the court authorizes a combined hearing, whether it may conditionally approve the Disclosure Statement.  For the reasons stated above, the court will authorize a combined hearing on the Disclosure Statement and Plan.  Having authorized a combined hearing, and having found that the Disclosure Statement contains adequate information, the court will conditionally approve the Disclosure Statement.  A separate order will be entered granting the Motion as set forth in this Opinion.

Date:  May 8, 2024

_____
DAVID D. CLEARY
United States Bankruptcy Judge

20