**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | Hearing Date: May 22, 2024 |
| | ) | Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on Wednesday, the 22nd day of May, 2024, at 10:00 a.m., I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 in the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **MOTION OF DEBTORS FOR AUTHORITY TO USE PROPERTY OF THE ESTATES OTHER THAN IN THE ORDINARY COURSE OF BUSINESS AND TO SHORTEN AND LIMIT NOTICE THEREOF**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

                                             Respectfully Submitted:

                                             ST. MARGARET'S HEALTH-PERU and
                                             ST. MARGARET'S HEATH-SPRING VALLEY

                                             By: /s/ Steven B. Chaiken
                                                      One of their attorneys

HENRY B. MERENS, ESQ. (ARDC #6181695)
ERICH S. BUCK, ESQ. (ARDC #6274635)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

## CERTIFICATE OF SERVICE

I certify that true copies of this notice and the attached motion referred to therein were served upon the parties listed and as indicated on the below Service List this 13th day of May, 2024.

By: /s/ Steven B. Chaiken
Steven B. Chaiken, Esq.

## SERVICE LIST

*Via CM/ECF*

- **Jonathan E Aberman**   jon.aberman@lockelord.com, karen.soto@lockelord.com; autodocket@lockelord.com
- **John Andreasen**   john.andreasen@bfkn.com
- **Joseph Allen Archambeau**   JArchambeau@ClarkHill.com
- **Kenneth W Bach**   kennethb@johnsonblumberg.com, bkecfnotices@johnsonblumberg.com
- **Alexander F Berk**   alexander.berk@bfkn.com, james.tucker@bfkn.com
- **William Robert Cassian**   wcassian@cassiancarterlaw.com
- **David DeCelles**   david.decelles@usdoj.gov
- **Devon J Eggert**   deggert@bcblaw.net, pfoster@bcblaw.net
- **Edmond J Ford**   eford@fordlaw.com
- **Jeffrey L. Gansberg**   jeffrey.l.gansberg@usdoj.gov
- **Jeffrey Garfinkle**   jgarfinkle@buchalter.com, lverstegen@buchalter.com; docket@buchalter.com
- **Aaron Gavant**   agavant@btlaw.com
- **Charles David Goerisch**   dgoerisch@lewisrice.com, david-goerisch-3234@ecf.pacerpro.com
- **Ryan C. Hardy**   rhardy@lplegal.com, nbailey@lplegal.com, druiz@lplegal.com, kpatton@lplegal.com, ikropiewnicka@lplegal.com
- **Robert Jeffrey Haupt**   robert.haupt@lathropgpm.com, ellen.mchone@lathropgpm.com
- **Heidi M Hockberger**   hhockberger@lplegal.com, nbailey@lplegal.com, myoung@lplegal.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Douglas R Lindstrom**   dlindstrom@l-wlaw.com, hyouell@l-wlaw.com
- **John A Lipinsky**   lipinsky@cemlawyer.com, Haskell@ccmlawyer.com, hoekstra@cccmlawyer.com
- **Bryan E. Minier**   bryan.minier@lathropgpm.com,
- **Austin L. Nichols**   anichols@blackblackbrown.com
- **John R O'Connor**   joconnor@lplegal.com, nbailey@lplegal.com, ikropiewnicka@lplegal.com, kpatton@lplegal.com, druiz@lplegal.com
- **Stanley F. Orszula**   stan.orszula@bfkn.com, james.tucker@bfkn.com
- **John Reding**   john.reding@ilag.gov
- **Peter J Roberts**   proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com; cknez@cozen.com

1321466v4                                    3

- **Nathan Q. Rugg**     nathan.rugg@bfkn.com, james.tucker@bfkn.com
- **Michael M Schmahl**     mschmahl@mps-law.com, mmsfiling@gmail.com
- **Mark Adam Silverman**     mark.silverman@lockelord.com, kkwell@lockelord.com; chicagodocket@lockelord.com
- **Elizabeth B Vandesteeg**     evandesteeg@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com; druiz@lplegal.com; kpatton@lplegal.com
- **Vaughn A. White**     vaughn@vaughnwhite.com; paralegal@vaughnwhite.com; VWLAWLLC@jubileebk.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH - PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH - | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | **Hearing Date:  May 22, 2024** |
| | ) | **Hearing Time: 10:00 a.m.** |

**MOTION OF DEBTORS FOR AUTHORITY TO USE PROPERTY
OF THE ESTATES OTHER THAN IN THE ORDINARY COURSE
OF BUSINESS AND TO SHORTEN AND LIMIT NOTICE THEREOF**

NOW COME St. Margaret's Health – Peru and St. Margaret's Health – Spring Valley, debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel and, pursuant to 11 U.S.C. §§ 105(a) and 363 of the Bankruptcy Code (the "**Bankruptcy Code**"), and Rules 2002(a)(2), 6004 and 9006[1] of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), request the entry of an order (i) authorizing the Debtors to use property of the estates other than in the ordinary course of business allowing the Debtors to pay up to $50,000 to facilitate the Debtors' obligations with respect to the extraction and delivery of certain equipment recently sold at auction; and (ii) shortening and limiting notice in connection with the relief requested (the "**Motion**").  In support of the Motion, the Debtors respectfully state as follows:

I.      **JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

---

[1] Bankruptcy Rules 2002(a)(2) and 6004 are not enumerated in Bankruptcy Rule 9006(c) as rules subject to a prohibition of reduction.

1321466v4                                        1

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein are 11 U.S.C. §§ 105(a) and 363.

## II.    FACTUAL BACKGROUND

4. On August 31, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "**Chapter 11 Cases**").

5. The Chapter 11 Cases are jointly administered pursuant to an order of Court entered on September 6, 2023. *See* ECF No. 25.

6. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to maintain their operations and financial affairs as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

7. A trustee has not been appointed in the Chapter 11 Cases.

8. On September 13, 2023, the Office of the United States Trustee for Region 11 (the "**UST**") filed a *Notice of Appointment of Official Unsecured Creditors Committee,* thereby appointing an official committee of unsecured creditors (the "**Committee**"). *See* ECF No. 42.

9. On March 20, 2024, the Debtors filed that certain *Motion of Debtors for Authority to Employ Centurion Service Group, LLC as Auctioneer and to Hold an Auction to Sell Personal Property Free and Clear of Liens, Claims and Encumbrances and Shortening and Limiting Notice Thereof* (the "**Auction Motion**"). *See* ECF No. 276.

10. The Auction Motion was approved by the Court pursuant to order entered by the Court on March 28, 2024. *See* ECF No. 290.

1321466v4                                   2

11. An initial auction for substantially all of the Debtors' remaining medical equipment was conducted on April 24, 2024 and April 25, 2024 (the "**Medical Equipment Auction**").[2] The results of the Medical Equipment Auction exceeded expectations generating gross sales of approximately $1.7 million.

12. To comply with the terms of the sale, the Debtors are to facilitate the delivery of the purchased assets to the respective winning bidders. There is a large MRI machine (the "**MRI**") which sold for $160,000. The winning bidder for the MRI would like to take possession of the MRI as soon as possible, and no later than the end of May.

13. In order to extract the MRI, the Debtors need to create an opening in the building structure by removing a section of the exterior wall, interior wall and interior shielding wall, and subsequently repair the exterior wall and interior wall.[3]

14. The Debtors received a proposal for the Equipment Extraction Services related to the MRI from H & H Builders, Inc. ("**H&H**"), a copy of which is attached hereto as **Exhibit A**. H & H has provided numerous services to the Debtors over the past 30 years, including creating the opening in the building structure when the MRI was initially installed. Further, H & H is ready, able and willing to perform the requisite Equipment Extraction Services related to the MRI within the time constraints to allow for the pick-up of the MRI by the winning bidder by the end of May.

15. In addition, the Debtors required assistance to properly disconnect various pieces of equipment.

---

[2] An auction of non-medical equipment was conducted on May 9, 2024 (the "**Non-Medical Equipment Auction**"). There will likely be a third auction for certain equipment not yet auctioned or that was not sold at the prior auctions (the "**Remaining Equipment Auction**," and together with the Medical Equipment Auction and the Non-Medical Equipment Auction, the "**Auction**").

[3] Spring Valley City Bank has a lien on the real property.

1321466v4                              3

16. The Debtors seek authority to pay up to $50,000 for services related to the extraction of the MRI and any other equipment, the disconnection of various equipment, and the general delivery of equipment to the winning bidders (the "**Equipment Extraction Services**"). The Debtors anticipate utilizing H & H to facilitate the removal of the MRI, which comprises the vast majority of the anticipated Equipment Extraction Services.

### III.  RELIEF REQUESTED AND BASIS THEREFOR

17. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession, after notice and a hearing, to use property of the estate, other than in the ordinary course of business. The Bankruptcy Code does not establish any guidance or standards for such relief. The Court should grant the requested relief if the Debtors can show the relief is in the best interests of the estates and their creditors. *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("[u]nder Section 363, the debtor in possession can sell property of the estate outside the ordinary course of business if: he has an "articulated business justification," he provides adequate notice to all creditors, and a hearing is held on the sale") (internal citations omitted); *see also In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994) (stating that a court should apply the best interest of the estate standard once an objection has been raised to the proposed sale).

18. Granting the relief requested and authorizing the Debtors to pay up to $50,000 for the Equipment Extraction Services is in the best interests of the estates and their creditors as it will allow the Debtors to comply with their obligations in connection with, and generate significant proceeds from, the Auction.

### IV.  NOTICE TO CREDITORS

19. Bankruptcy Rule 6004 governs the use, sale or lease of property not in the ordinary course of business. Subsection (a) provides that notice of proposed use of property not

in the ordinary course of business shall be given in accordance with Bankruptcy Rule 2002(a)(2), (c)(1), (i) and (k). Bankruptcy Rule 2002(a) and the other subsections require twenty-one (21) days' written notice by mail to the trustee and all creditors of the estates, the official creditors committee, and the U.S. Trustee. Subsection (c)(1) provides for the content of such notice.

20. Bankruptcy Rule 9006(c), however, provides that the notice requirements of Bankruptcy Rules 2002(a)(2) and 6004 may be reduced for cause, in the discretion of the Court, with or without motion or notice. The Debtors submit that cause exists for the reduction of the foregoing notice requirements in connection with the Motion, so that the Motion may be considered on the merits on May 22, 2024. The purchaser of the MRI needs to make arrangements to take possession of the MRI and has already extended the time by which it initially planned to do pick up the MRI. The purchaser is now scheduled to pick up the MRI before the end of May, which requires the work to extract the MRI commence promptly. In addition, the Debtors vetted the Motion and the relief requested herein with counsel for the Committee and counsel for Spring Valley City Bank, both of which informed the undersigned counsel that they have no objection to the relief sought by this Motion. The Debtors also previewed the relief requested herein with the UST.

21. Notice of the filing of this Motion and the hearing scheduled therefor has been provided by CM/ECF on not less than eight (8) days' notice, to: (a) the UST; (b) counsel to the Committee; (c) counsel to the Debtors' secured lender, Spring Valley City Bank; (d) counsel to the Ad Hoc Committee of Healthcare Professionals; and (e) all other ECF parties who have requested notice and service of pleadings in the Chapter 11 Cases.

22. In light of the nature of the relief requested, the Debtors request that no other or further notice be required.

WHEREFORE, St. Margaret's Health – Peru and St. Margaret's Health – Spring Valley, debtors and debtors in possession, request the entry of an order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof without further notice, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

ST. MARGARET'S HEALTH-PERU and
ST. MARGARET'S HEATH-SPRING VALLEY

By:    Steven B. Chaiken
      One of their attorneys

HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**