**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH – | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | **Hearing Date: May 22, 2024** |
| | ) | **Hearing Time: 10:00 a.m.** |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on Wednesday, the 22nd day of May, 2024, at 10:00 a.m., I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 in the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **MOTION OF DEBTORS FOR ENTRY OF ORDER APPROVING RECORDS SERVICE AND STORAGE AGREEMENT WITH CARIEND, LLC AND SHORTENING AND LIMITING NOTICE THEREOF**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Respectfully Submitted:

ST. MARGARET'S HEALTH-PERU and
ST. MARGARET'S HEATH-SPRING VALLEY

By:   /s/ Erich S. Buck
         One of their attorneys

1319641v2

HENRY B. MERENS, ESQ. (ARDC #6181695)
ERICH S. BUCK, ESQ. (ARDC #6274635)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

1319641v2

## CERTIFICATE OF SERVICE

I, an attorney, certify that true copies of this notice and the attached motion referred to therein were served upon the parties listed and as indicated on the below Service List this 13th day of May, 2024.

By: /s/ Erich S. Buck
Erich S. Buck, Esq.

## SERVICE LIST

*Via ECF*

- **Jonathan E Aberman**   jon.aberman@lockelord.com, karen.soto@lockelord.com;autodocket@lockelord.com
- **John Andreasen**   john.andreasen@bfkn.com
- **Joseph Allen Archambeau**   JArchambeau@ClarkHill.com
- **Kenneth W Bach**   kennethb@johnsonblumberg.com, bkecfnotices@johnsonblumberg.com
- **Alexander F Berk**   alexander.berk@bfkn.com, james.tucker@bfkn.com
- **William Robert Cassian**   wcassian@cassiancarterlaw.com
- **David DeCelles**   david.decelles@usdoj.gov
- **Devon J Eggert**   deggert@bcblaw.net, pfoster@bcblaw.net
- **Edmond J Ford**   eford@fordlaw.com
- **Jeffrey Garfinkle**   jgarfinkle@buchalter.com, lverstegen@buchalter.com;docket@buchalter.com
- **Aaron Gavant**   agavant@btlaw.com
- **Charles David Goerisch**   dgoerisch@lewisrice.com, david-goerisch-3234@ecf.pacerpro.com
- **Robert Jeffrey Haupt**   robert.haupt@lathropgpm.com, ellen.mchone@lathropgpm.com
- **Heidi M Hockberger**   hhockberger@lplegal.com, nbailey@lplegal.com, myoung@lplegal.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Douglas R Lindstrom**   dlindstrom@l-wlaw.com, hyouell@l-wlaw.com
- **John A Lipinsky**   lipinsky@cemlawyer.com, Haskell@ccmlawyer.com, hoekstra@cccmlawyer.com
- **Bryan E. Minier**   bryan.minier@lathropgpm.com,
- **Austin L. Nichols**   anichols@blackblackbrown.com
- **John R O'Connor**   joconnor@lplegal.com, nbailey@lplegal.com, ikrowpiewnicka@lplegal.com, kpatton@lplegal.com, druiz@lplegal.com
- **Stanley F. Orszula**   stan.orszula@bfkn.com, james.tucker@bfkn.com
- **John Reding**   john.reding@ilag.gov
- **Peter J Roberts**   proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com;cknez@cozen.com
- **Nathan Q. Rugg**   nathan.rugg@bfkn.com, james.tucker@bfkn.com
- **Michael M Schmahl**   mschmahl@mps-law.com, mmsfiling@gmail.com
- **Mark Adam Silverman**   mark.silverman@lockelord.com, kkwell@lockelord.com;chicagodocket@lockelord.com

1319641v2

- **Elizabeth B Vandesteeg**  evandesteeg@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com; druiz@lplegal.com; kpatton@lplegal.com

*<u>Via U.S. Mail, Postage Prepaid</u>*

Cariend, LLC
P.O. Box 1866
Thomasville, GA 31799
Attn:   Christopher Powell Jones
        Chief Executive Officer

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH - PERU | ) | Case No. 23-11641 |
| and ST. MARGARET'S HEALTH - | ) | (Jointly Administered) |
| SPRING VALLEY, | ) | |
| | ) | Honorable David D. Cleary |
| Debtors. | ) | |
| | ) | **Hearing Date: May 22, 2024** |
| | ) | **Hearing Time: 10:00 a.m.** |

**MOTION OF DEBTORS FOR ENTRY OF ORDER
APPROVING RECORDS SERVICE AND STORAGE AGREEMENT WITH
CARIEND, LLC AND SHORTENING AND LIMITING NOTICE THEREOF**

NOW COME St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel and, pursuant to section 363 of the Bankruptcy Code (the "**Bankruptcy Code**"), and Rules 2002(a)(2), 6004 and 9006[1] of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"), request the entry of an order (i) approving a records service and storage agreement with Cariend, LLC and (ii) shortening and limiting thereof (the "**Motion**"). In support of the Motion, the Debtors respectfully state as follows:

**I.     JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a

---

[1] Bankruptcy Rules 2002(a)(2) and 6004 are not enumerated in Bankruptcy Rule 9006(c) as rules subject to a prohibition of reduction.

1319641v2

1

core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 363.

## II.   FACTUAL BACKGROUND

4.   On August 31, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "**Chapter 11 Cases**").

5.   The nature of the Debtors' business and the factual background relating to the commencement of the Chapter 11 Cases are set forth in more detail in the *Declaration of Timothy A. Muntz in Support of Chapter 11 Petition and First-Day Motions*, filed on September 5, 2023 [ECF No. 23] and incorporated herein by reference.

6.   The Chapter 11 Cases are jointly administered pursuant to an order of the Court entered on September 6, 2023. *See* ECF No. 25.

7.   Since the Petition Date, the Debtors have remained in possession of their assets and have continued to maintain their operations and financial affairs as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

8.   A trustee has not been appointed in the Chapter 11 Cases.

9.   On September 13, 2023, the Office of the United States Trustee for Region 11 (the "**UST**") filed the *Notice of Appointment of Official Unsecured Creditors Committee,* thereby appointing an official committee of unsecured creditors (the "**Committee**"). *See* ECF No. 42.

10.   On September 13, 2023, the Debtors filed a motion seeking authority to sell substantially all of the assets of SMH-P and certain real property and related equipment owned by SMH-SV to OSF Healthcare System, Mendota Community Hospital and Ottawa Regional Hospital and Healthcare System (the "**Peru Hospital Asset Sale**"). *See* ECF No. 46.

2

1319641v2

11. The Peru Hospital Asset Sale was approved by the Court pursuant to orders entered by the Court on September 20, 2023 [ECF No. 71], October 25, 2023 [ECF No. 147], and November 16, 2023 [ECF No. 178]. The Peru Hospital Asset Sale closing occurred on November 16, 2023.

12. On October 4, 2023, the Debtors filed a motion seeking authority to sell certain real property and personal property to the Carle Foundation (the "**Carle Asset Sale**," and together with the Peru Hospital Sale, the "**Asset Sales**"). *See* ECF No. 106. The Carle Asset Sale was approved by the Court on October 25, 2023. *See* ECF No. 146. The Carle Asset Sale closing occurred on October 31, 2023.

13. On March 20, 2024, the Debtors filed a motion seeking authority to hold an auction to sell substantially all of their remaining equipment and to retain an auctioneer in connection therewith. *See* ECF No. 276. The Court entered an order granting the motion on March 27, 2024. *See* ECF No. 290.

14. On April 10, 2024, the Debtors filed a motion [ECF No. 302] seeking, among other things, conditional approval of their disclosure statement [ECF No. 343], and filed their plan of liquidation [ECF No. 342] ("**Plan**"), both of which were jointly proposed with the Committee. The Court granted the motion by order entered on May 8, 2024. *See* ECF No. 353. Pursuant to the order, hearing on the adequacy of the disclosure statement and confirmation of the Plan has been scheduled for June 27, 2024.

### III. RELIEF REQUESTED

15. As described above, the Debtors have undertaken various efforts over the last eight months to sell substantially all of their assets. Many of the Debtors' assets have been successfully sold pursuant to Court order, while other assets are expected to be sold or otherwise

3

1319641v2

disposed of during the remainder of the Chapter 11 Cases, whether by the Debtors or a creditor trustee proposed to be appointed pursuant to the Plan.

16. Concomitant with the Asset Sales are the Debtors' efforts to wind down the remaining affairs of the hospitals. The Debtors have a significant volume of billing and medical records ("**Records**"), both in physical (*e.g.* paper, specimens, etc.) and electronic format, none of which was transferred as part of the Asset Sales. The Records are subject to various retention requirements under applicable non-bankruptcy law described below.  With the remainder of the Debtors' officers, directors and other personnel expected to depart upon or prior to the effective date of the Plan, it is critical the Debtors transition the Records to a qualified third-party vendor who can maintain them for the required period(s) of time.

17. As former operating hospitals, the Debtors possess many Records containing "protected health information" ("**PHI**"), as defined under 45 CFR §160.103. The Records also contain "personally identifiable information" ("**PII**"), such as the names, postal addresses, email addresses, telephone numbers, dates of birth, Social Security numbers, driver's license numbers, and/or other information of individuals, many of whom were former patients of the Debtors.

18. The PHI and PII are held in several different places and systems, including:

- Electronic Medical Record Systems such as Meditech, Athena, Horizon Patient Folder, OB TraceVue, Paragon, OBIX, legacy Allscripts archive and legacy data stored by Ellkay systems, along with DICOM data for radiology/imaging studies; and

- Approximately 6,000 boxes of physical Records and 100 boxes of pathology specimens are stored at the Debtors' Spring Valley, Illinois facility (the "**Spring Valley Facility**") or offsite with third-party vendors (*e.g.*, Iron Mountain and Cardone Record Services).

19. The Debtors understand that many of their billing reports and all medical Records, particularly those containing PHI and/or PII, must be stored for up to ten (10) years (with some exceptions) under applicable federal and state law ("**Applicable Law**").  The Debtors

4

are subject to Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**"), Public Law 104-191, the Health Information Technology for Economics and Clinical Health Act of 2009, and the regulations under The Privacy Rule, at 45 CFR Part 160 and Subparts A and E of Part 164; The HIPAA Security Rule, at 45 C.F.R. §§ 164.308, 164.310, and 164.312; and the HIPAA Breach Notification Rule, at 45 CFR §§ 164.400- 414. HIPAA mandates that patients have access to information in their designated record set (medical records) for six (6) years after their last effective date. Illinois law, however, provides that every hospital shall preserve its medical records for not less than ten (10) years, 210 ILCS 85/6.17(c). The Debtors also are required to maintain medical records for Medicare Advantage patients for ten (10) years.

20.　　The Debtors are unaware of any authority under the Bankruptcy Code that allow them to disregard Applicable Law assuming sufficient estate resources.

21.　　Realizing that neither the Debtors' current management nor any subsequently appointed creditor trustee will be in a position to maintain such Records for the length of time required, the Debtors seek to enter into an agreement with Cariend, LLC ("**Cariend**") for long-term storage of the Records.  A copy of the proposed agreement (the "**Agreement**"), comprised of a *Service and Storage Agreement*, a *Scope of Work*, and a *Business Associate Addendum*, is attached as Exhibit A to the proposed order filed herewith, and incorporated herein by reference. Pursuant to the Agreement, Cariend will also take over as the custodian of such Records for purposes of all PHI and PII.

22.　　Key terms of the Agreement include[2]:

- Cariend will provide all labor and materials to remove and transport all the Records. Cariend will assess Records based on retention guidelines provided by the Debtors, separating medical and business Records, indexing retained medical and employee Records at the file level and non-medical Records at the box level.

---

[2] The summary contained herein is qualified in its entirety by the actual terms and conditions of the Agreement.  To the extent that there is any conflict between summary and the actual terms and conditions of the Agreement, the actual terms and conditions of the Agreement control.

5

1319641v2

- Cariend will receive exported, unencrypted SQL data and external document folders from the Debtors' servers or cloud storage systems. Cariend will convert SQL exports to one PDF file (or folder, if multiple files) per-patient.

- Cariend will store medical Records for ten (10) years past the last service date, and business Records for seven (7) years past the indicated year, based on retention information provided by the Debtors.

- At the end of the retention period indicated by the Debtors, Records will be removed from storage and securely destroyed in accordance with Applicable Law.

- The total projected price for all services under the Agreement is $274,080, payable in installments over 270 days, with 25% to be paid within seven (7) days of entry of a final order granting the Motion.

23.  The Agreement makes it possible for the Debtors to provide for storage of and access to PHI/PII and Records pursuant to Applicable Law. The Agreement also provides for the secure destruction of the PHI/PII and Records ten (10) years from the date Debtors' health care operations ceased, or such other duration as required under Applicable Law.

24.  The Agreement also will reduce the need for ongoing expenses attributable to maintaining the Debtors' electronic Records through various service providers, most notably Meditech. At present, the Debtors are paying Meditech fees of approximately $59,000 per month related to use and access to the Records.[3] The transition to Cariend will eliminate the need to continue to pay Meditech for its software and access to Records, because Cariend will extract the PHI from the Debtors' SQL data warehouse created from the Meditech software and store it in another format in Cariend's server. Once completed, the Debtors will be in a position to reject their contract with Meditech and eliminate the significant monthly expenditures.[4]

---

[3] On top of the monthly fees to Meditech, the Debtors estimate another $23,000 in monthly expenses will ultimately be eliminated following the transition of Records to Cariend.

[4] The approximately $59,000 paid monthly to Meditech is a reduction in the fees paid for the first four months of the Chapter 11 Cases, during which the Debtors were paying Meditech approximately $235,000 each month. Given cash-flow constraints and the fact that the Debtors did not need the full suite of services attributable to the fees, the Debtors and Meditech agreed to reduced monthly payments beginning effective January 1, 2024. However, the agreement was without prejudice to the parties, or any

6

1319641v2

25. Furthermore, the Records are currently stored onsite at the Debtors' remaining facility in Spring Valley, Illinois. However, the Debtors anticipate filing a motion in the near future pursuant to which they will seek to sell the Spring Valley Facility; absent a successful sale, it is anticipated under the Plan that the facility may be conveyed to the Debtors' secured lender, Spring Valley City Bank ("**SVCB**"). Regardless of which avenue is ultimately taken, the Debtors expect to exit the Spring Valley Facility in the coming months, and need to transfer the Records beforehand.

26. Given the impending departure of the Debtors' remaining employees, once Cariend takes over as the custodian of the Records, it will respond to patient record requests, eliminating the concern about retaining employees to do that job.

## IV.    BASIS FOR RELIEF

27. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession, after notice and a hearing, to use property of the estate, other than in the ordinary course of business. The Bankruptcy Code does not establish any guidance or standards for such relief. The Court should grant the requested relief if the Debtors can show the relief is in the best interests of the estates and their creditors. *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) ("[u]nder Section 363, the debtor in possession can sell property of the estate outside the ordinary course of business if: he has an "articulated business justification," he provides adequate notice to all creditors, and a hearing is held on the sale") (internal citations omitted); *see also In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994) (stating that a court should apply the best interest of the estate standard once an objection has been raised to the proposed sale).

---

party in interest, to contest any of the fees paid to date or seek the payment of additional fees as administrative expenses, as applicable.

28. The Debtors submit that entering into and performing under the Agreement is in the best interests of the estates and a proper exercise of the Debtors' business judgment.

29. The Debtors are required by Applicable Law to maintain many of the existing Records for up to ten (10) years, something that neither the Debtors nor a creditor trustee[5] will be in a position to handle for such a period of time.

30. Cariend also has extensive experience serving a records custodian across the United States. Cariend is part of a family-owned information management business, in operation since 2003. The executive team has experience managing the transition and lifecycle of records for hundreds of healthcare institutions through bankruptcies and closure. Custodial records services are the sole focus of Cariend's business.

31. Further, the Debtors undertook meaningful due diligence before selecting Cariend. They contacted numerous vendors offering records custodian services, ultimately soliciting bids from three such vendors. Cariend not only offered the best pricing terms, but they also provided the highest level of care and attention to the Debtors' numerous questions and concerns.

32. The Debtors would also note that the bids by Cariend and the other two vendors, along with the Agreement, have been vetted with the Committee, which is supportive of the relief requested in this Motion.

**V.     NOTICE**

33. Notice of the filing of this Motion and the hearing scheduled therefor has been provided by CM/ECF or U.S. Mail, postage prepaid, on not less than nine (9) days' notice, to: (a) the UST; (b) counsel to the Committee; (c) counsel to SVCB; (d) counsel to the Ad Hoc

---

[5] Under the terms of the Agreement find the Plan, the creditor trustee would succeed to the rights and obligations of the Debtors under the Agreement.

8

1319641v2

Committee of Healthcare Professionals; (e) Cariend; and (f) all other ECF parties who have requested notice and service of pleadings in the Chapter 11 Cases (the "**Notice Parties**").

34. Ordinarily, a motion proposing a use of property of the estate other than in the ordinary course of business must be served upon all creditors. *See* Fed R. Bankr. P. 2002(a)(2), 6004(a). But "upon cause shown" the Court may "shorten[] the time or direct[] another method of giving notice." Fed. R. Bankr. P. 2002(a); *see also* Fed. R. Bankr. P. 9006(c) (permitting a court to order notice periods reduced).

35. One method of giving notice to creditors explicitly contemplated by the Bankruptcy Code, and explicitly made applicable to motions for the use of estate assets outside the ordinary course of business, is to allow documents that otherwise must be served upon the entire creditor body to be served upon an official committee of creditors. *See* Fed. R. Bankr. P. 2002(i) (providing for the option of such service in connection with motions for the use of estate assets outside the ordinary course of business); *see also* Fed. R. Bankr. P. 6004(a) (reiterating the applicability of Fed. R. Bankr. P. 2002(i) to such motions).

36. Bankruptcy Rule 9006(c), however, provides that the notice requirements of Bankruptcy Rules 2002(a)(2) and 6004 may be reduced for cause, in the discretion of the Court, with or without motion or notice. The Debtors submit that cause exists for the reduction of the foregoing notice requirements in connection with the Motion, so that the Motion may be considered on the merits on May 22, 2024. The relief requested is fairly time-sensitive, insofar as the Debtors need to begin the transition of Records to Cariend as soon as possible, understanding that it will take approximately ninety (90) days from when Cariend has full access to the physical and electronic Records to complete. Further, as explained above, the sooner that transition concludes, the sooner the Debtors can seek to reject the contract with Meditech and

eliminate the monthly expenses attributable to those services. And finally, the relief requested in the Motion has been vetted and is supported by the Committee.

37. In all other respects, notice of the Motion has conformed to the applicable provisions of Bankruptcy Rule 6004. In light of the nature of the relief requested, the Debtors request that no other or further notice be required.

WHEREFORE, St. Margaret's Health – Peru and St. Margaret's Health – Spring Valley, debtors and debtors in possession, request the entry of an order: (i) approving the Agreement with Cariend; (ii) deeming nine days' prior notice by ECF or U.S. Mail, and limiting such notice to the Notice Parties, to be adequate notice under the circumstances; and (iii) for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

ST. MARGARET'S HEALTH-PERU and
ST. MARGARET'S HEATH-SPRING VALLEY

By: ___Erich S. Buck___
     One of their attorneys

HENRY B. MERENS, ESQ. (ARDC #6181695)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

1319641v2