**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU and ST. MARGARET'S HEALTH – SPRING VALLEY, | ) ) ) | Case No. 23-11641 (Jointly Administered) |
| | ) | Honorable David Cleary |
| Debtors. | ) ) | |
| | ) | **Hearing Date: May 29, 2024** |
| | ) | **Hearing Time: 10:00 a.m.** |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on Wednesday, the 29th day of May, 2024 at 10:00 a.m., I will appear before the Honorable Judge David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 in the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, **or** electronically as described below, and present the **MOTION OF THE DEBTORS TO APPROVE SETTLEMENT AND TO LIMIT AND SHORTEN NOTICE THEREOF,** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Respectfully Submitted:

ST. MARGARET'S HEALTH-PERU and
ST. MARGARET'S HEATH-SPRING VALLEY

By: /s/ Steven B. Chaiken
     One of their attorneys

1

1319665v2

HENRY B. MERENS, ESQ. (ARDC #6181695)
ERICH S. BUCK, ESQ. (ARDC #6274635)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

1319665v2

## CERTIFICATE OF SERVICE

I certify that true copies of this notice and the attached motion referred to therein were served upon the parties listed and as indicated on the below Service List this 20th day of May, 2024.

By: /s/ Steven B. Chaiken
Steven B. Chaiken, Esq.

## SERVICE LIST

- **Jonathan E Aberman**  jon.aberman@lockelord.com, karen.soto@lockelord.com; autodocket@lockelord.com
- **John Andreasen**  john.andreasen@bfkn.com
- **Joseph Allen Archambeau**  JArchambeau@ClarkHill.com
- **Kenneth W Bach**  kennethb@johnsonblumberg.com, bkecfnotices@johnsonblumberg.com
- **Alexander F Berk**  alexander.berk@bfkn.com, james.tucker@bfkn.com
- **William Robert Cassian**  wcassian@cassiancarterlaw.com
- **David DeCelles**  david.decelles@usdoj.gov
- **Devon J Eggert**  deggert@bcblaw.net, pfoster@bcblaw.net
- **Edmond J Ford**  eford@fordlaw.com
- **Jeffrey L. Gansberg**  jeffrey.l.gansberg@usdoj.gov
- **Jeffrey Garfinkle**  jgarfinkle@buchalter.com, lverstegen@buchalter.com; docket@buchalter.com
- **Aaron Gavant**  agavant@btlaw.com
- **Charles David Goerisch**  dgoerisch@lewisrice.com, david-goerisch-3234@ecf.pacerpro.com
- **Ryan C Hardy**  rhardy@lplegal.com, nbailey@lplegal.com; druiz@lplegal.com;kpatton@lplegal.com; ikropiewnicka@lplegal.com
- **Robert Jeffrey Haupt**  robert.haupt@lathropgpm.com, ellen.mchone@lathropgpm.com
- **Heidi M Hockberger**  hhockberger@lplegal.com, nbailey@lplegal.com; myoung@lplegal.com
- **Patrick S Layng**  USTPRegion11.ES.ECF@usdoj.gov
- **Douglas R Lindstrom**  dlindstrom@l-wlaw.com, hyouell@l-wlaw.com
- **John A Lipinsky**  lipinsky@ccmlawyer.com, Haskell@ccmlawyer.com; hoekstra@ccmlawyer.com
- **Bryan E. Minier**  bryan.minier@lathropgpm.com, maria.vargas@lathropgpm.com; sujey.lara@lathropgpm.com
- **Austin L. Nichols**  anichols@blackblackbrown.com
- **John R O'Connor**  joconnor@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com; kpatton@lplegal.com; druiz@lplegal.com
- **Stanley F. Orszula**  stan.orszula@bfkn.com, james.tucker@bfkn.com
- **John Reding**  john.reding@ilag.gov

1319665v2

- **Peter J Roberts**    proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com; cknez@cozen.com
- **Nathan Q. Rugg**    nathan.rugg@bfkn.com, james.tucker@bfkn.com
- **Michael M Schmahl**    mschmahl@mps-law.com, mmsfiling@gmail.com
- **Mark Adam Silverman**    mark.silverman@lockelord.com, kkwell@lockelord.com; chicagodocket@lockelord.com
- **Elizabeth B Vandesteeg**    evandesteeg@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com; druiz@lplegal.com; kpatton@lplegal.com
- **Vaughn A White**    vaughn@vaughnwhite.com, vaughn@vaughnwhite.com; paralegal@vaughnwhite.com; VWLAWLLC@jubileebk.net

1319665v2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ST. MARGARET'S HEALTH – PERU and ST. MARGARET'S HEALTH – SPRING VALLEY, | ) ) ) | Case No. 23-11641 (Jointly Administered) |
| | ) | Honorable David Cleary |
| Debtors. | ) ) | |
| | ) | **Hearing Date: May 29, 2024** |
| | ) | **Hearing Time: 10:00 a.m.** |

**MOTION OF THE DEBTORS TO APPROVE SETTLEMENT
AND FOR LIMITED AND SHORTENED NOTICE THEREOF**

NOW COMES St. Margaret's Health – Peru ("**SMH-P**") and St. Margaret's Health – Spring Valley ("**SMH-SV**"), debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel, and hereby move (the "**Motion**") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to enter into a settlement with OSF Healthcare Systems, Mendota Community Hospital, and Ottawa Regional Hospital and Healthcare System (collectively, "**OSF**"), pursuant to the terms of that certain *Settlement Agreement* appended hereto as Exhibit A (the "**Settlement Agreement**"), and authorizing limited and shortened notice in connection therewith. In support of the Motion, the Debtors respectfully state as follows:

**I.    JURISDICTION, VENUE AND FILING OF THE CHAPTER 11 CASES**

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order. Further, the Debtors consent to the entry of a final order by this Court. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

1

1319665v2

2. The statutory predicate for the relief sought in this motion is section 105(a) of the Bankruptcy Code and the applicable rule is Bankruptcy Rule 9019.

3. On August 31, 2023 (the "**Petition Date**"), the Debtors filed the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

4. The nature of the Debtors' business and the factual background relating to the commencement of the Chapter 11 Cases are set forth in more detail in the *Declaration of Timothy A. Muntz in Support of Chapter 11 Petition and First-Day Motions*, filed on September 5, 2023 [ECF No. 23] and incorporated herein by reference.

5. The Chapter 11 Cases are jointly administered pursuant to an order of Court entered on September 6, 2023. *See* ECF No. 25.

6. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to maintain their operations and financial affairs as debtors-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

7. A trustee has not been appointed in the Chapter 11 Cases.

8. On September 13, 2023, the Office of the United States Trustee for Region 11 (the "**UST**") filed a *Notice of Appointment of Official Unsecured Creditors Committee,* thereby appointing an official committee of unsecured creditors (the "**Committee**"). *See* ECF No. 42.

II. **FACTUAL BACKGROUND**

  A. **OSF Sale**

9. On September 13, 2023, the Debtors filed that certain *Motion of the Debtors for the Entry of an Order: (A) Approving a Private Sale of Certain Assets of the Estates Free and Clear of Liens, Claims, Encumbrances and Interests; (B) Scheduling a Sale Hearing on Notice to all Creditors; (C) Authorizing the Assumption and Assignment of Executory Contracts and*

2

*Unexpired Leases; and (D) Approving the Form and Manner of Notice of Sale Hearing and Proposed Assumption and Assignment* [ECF No. 46] (the "**OSF Sale Motion**") which generally sought authorization for the sale of substantially all of the assets of SMH-P and certain real property and related equipment owned by SMH-SV (collectively, the "**OSF Sale Assets**") to OSF pursuant to that certain *Asset Purchase Agreement* (as amended from time to time, the "**OSF APA**").

10. On September 20, 2023, the Court granted, in part, the OSF Sale Motion, by entering that certain *Interim Order (A) Approving a Private Sale of Certain Assets of the Estates Free and Clear of Liens, Claims, Encumbrances and Interests; (B) Approving Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Approving Form and Manner of Notices; and (D) Scheduling a Sale Hearing* [ECF No. 71] (the "**Interim Approval Order**").

11. On October 25, 2023, this Court entered that certain *Agreed Order Under 11 U.S.C. §§ 363 and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006, and 9014 Authorizing and Approving (A) The Sale of Certain Tangible and Intangible Assets, Free and Clear of Liens, Claims, Encumbrances and Interests, (b) The Assumption and Assignment of Executory Contracts, and (C) Related Relief* [ECF No. 147] (the "**OSF Sale Order**").

12. The OSF Sale Order provided that the sale remained subject to certain Reserved Interests (all specifically identified in the OSF Sale Order).

13. The OSF Sale Order provided for a continued, limited purpose hearing to be held on November 15, 2023, to consider entering an order authorizing the sale of the OSF Sale Assets free and clear of the Reserved Interests.

3

14. On November 15, 2023, this Court approved the sale of the OSF Sale Assets free and clear of the Reserved Interests and, on November 16, 2023, entered that certain *Supplemental Agreed Order Authorizing and Approving the Sale of Certain Tangible and Intangible Assets, Free and Clear of Liens, Claims, Encumbrances and Interests* [ECF No. 178].

15. On November 16, 2023, the sale of the OSF Sale Assets to OSF closed.

16. At the closing and pursuant to the OFS APA, OSF deposited the amount of $4,650,000 of the sale proceeds with PNC Bank, National Association, as escrow agent, as an indemnification escrow fund (the "**OSF Holdback**"). The OSF Holdback is to be released to the Debtors on November 16, 2024 (i.e. one year from the date of the closing).

B. **Claims to be Resolved by the Settlement Agreement**

17. On March 15, 2024, OSF notified the Debtors of a breach of certain representations and warranties concerning the condition and sufficiency of certain of the OSF Sale Assets, and specifically a breach of Section 4.06 of the OSF APA.

18. Section 4.06 of the APA (the "**Warranty**") provides as follows:

> The buildings, plants, structures, furniture, fixtures, machinery, equipment, and other items of tangible personal property included in the Purchased Assets are structurally sound, are in good operating condition and repair, and are adequate for the uses to which they are being put, and none of such buildings, plants, structures, furniture, fixtures, machinery, equipment, and other items of tangible personal property is in need of maintenance or repairs except for ordinary, routine maintenance and repairs that are not material in nature or cost. The Purchased Assets are sufficient for the continued conduct of the Business after the Closing in substantially the same manner as conducted immediately prior to the date on which Seller temporarily suspended the provision of hospital services at the Peru Hospital and constitute all of the rights, property and assets necessary to conduct the Business as currently conducted.

19. On April 11, 2024, OSF provided the Debtors additional details regarding the alleged breach and estimated that OSF suffered damages in the approximate amount of $318,000 as a result of the Warranty (the "**Warranty Claims**").

20. The Debtors contend they may have defenses, in part, to the Warranty Claims.

C. **The Settlement Agreement**

21. The Settlement Agreement provides for the resolution of the Warranty Claims pursuant to the following summary terms as detailed more fully in the Settlement Agreement:[1]

   a. $318,000 of the OSF Holdback will be released to OSF upon entry of an order approving the Settlement Agreement (the "**Settlement Approval Order**").

   b. $2,166,000 (i.e. approximately one half of the remaining OSF Holdback) will be released to the Debtors upon entry of the Settlement Approval Order.

   c. The remaining balance of the OSF Holdback will be released to the Debtors (or their successor in interest) on November 16, 2024.

   d. The Debtors will be forever released from any and all claims of breach under section 4.06 of the OSF APA (including the Warranty Claims).

III. **RELIEF REQUESTED**

22. By this Motion, the Debtors seek authority to enter into and consummate the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

23. The Debtors believe the Settlement Agreement constitutes a fair and reasonable compromise, and is in the best interests of the Debtors' estates.

A. **Applicable Legal Standards**

24. Bankruptcy Rule 9019(a) provides in relevant part that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.

---

[1] The summary of the Settlement Agreement herein is not intended to be exhaustive or substitute for an actual review of the Settlement Agreement.

5

1319665v2

R. Bankr. P. 9019(a). Compromises are a normal part of the bankruptcy process. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). As a matter of policy, "[c]ompromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy." *In re Quay Corp.*, 372 B.R. 378, 382 (Bankr. N.D. Ill. 2007) (citing *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000)).

25. The benchmark for determining the propriety of a bankruptcy settlement under Bankruptcy Rule 9019(a) is whether the settlement is in the best interests of the estate. *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161-62 (7th Cir. 1987) (explaining that any distinction between the "best interests of the estate" and the "fair and equitable" standards is of little consequence). This determination is entrusted to the sound discretion of the bankruptcy court. *Holly Marine Towing*, 669 F.3d at 799.

26. In determining whether a proposed settlement is in the best interests of the estate, neither an evidentiary hearing nor a rigid mathematical analysis is required. *In re Depoister*, 36 F.3d 582, 588 (7th Cir. 1994); *In re Energy Coop., Inc.*, 886 F.2d 921, 928-29 (7th Cir. 1989). Rather, the bankruptcy court must "weigh the costs and benefits of litigation versus settlement" to determine whether the proposed settlement "falls into the reasonable range of possible litigation outcomes." *Holly Marine Towing*, 669 F.3d at 801(internal quotation omitted). A settlement will pass this test as long as it does not fall "below the low end of possible litigation outcomes." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *see also In re Oakfabco, Inc.*, 571 B.R. 771, 776 (Bankr. N.D. Ill. 2017).

### B.      Evaluation of the Settlement

27.     Here, the Debtors respectfully submit that the Settlement Agreement is in the best interests of their estate and creditors, as well as being within the reasonable range of possible litigation outcomes.

28.     The Debtors believe the time, effort and cost in challenging the estimated damage amount will be cost-prohibitive. Second, obtaining a release of any and all claims of breach under section 4.06 of the OSF APA (inclusive of the Warranty Claims) provides certainty to the Debtors that no further breaches may be asserted and increases the likelihood that the Debtors will receive the remaining amount of the OSF Holdback. In addition, the early and partial release of the OSF Holdback to the Debtors provides a substantial benefit to the estates and shores up certain liquidity issues. In short, the Settlement Agreement will avoid possibly costly litigation and pave the way for the Debtors to move forward in these Chapter 11 Cases.

29.     The Debtors have undertaken diligent and reasonable investigations of the Warranty Claims and, after consultation with the Committee, concluded, in their sound business judgment, that the Settlement Agreement provides for the most efficient and economical resolution of the Warranty Claims and will provide the best viable result for the estates and the creditors.

30.     The resolution of the Warranty Claims through the Settlement Agreement is the result of arm's-length negotiations between the parties, and the Debtors believe it is fair and equitable given the potential risks associated with the claims, coupled with the release of any further breach claims under the Warranty and the early, partial release of the OSF Holdback.

## IV.  NOTICE

31. Notice of this Motion has been given by CM/ECF, on not less than nine (9) days' notice, upon: (a) the UST; (b) counsel for the Committee; (c) counsel to the Debtors' primary secured lender, Spring Valley City Bank.; and (d) all other parties who have requested notice and service of pleadings via CM/ECF in the Chapter 11 Cases. The Debtors respectfully request that such notice be deemed appropriate and sufficient in connection with the Motion.

32. Bankruptcy Rule 9019 governs the approvals of compromises and settlements. Subsection (a) provides that notice of a proposed compromise or settlement shall be given in accordance with Bankruptcy Rule 2002. Bankruptcy Rule 2002(a)(3) and the other subsections require twenty-one (21) days' written notice by mail to the trustee and all creditors of the estates, the official creditors committee, and the U.S. Trustee.

33. Bankruptcy Rule 2002(i) permits the Court to limit notice under Bankruptcy Rule 2002(a)(3) to the UST, the Committee, and to creditors and equity security holders who file and serve a request for all notices. In addition, Bankruptcy Rule 9006(c) provides that the notice requirements of Bankruptcy Rules 2002(a)(3) and 9019 may be reduced for cause, in the discretion of the Court, with or without motion or notice.

34. In light of the nature of the relief requested herein and the Committee's approval of same, coupled with it being unduly burdensome to provide notice of this Motion to all creditors, the Debtors respectfully submit that the notice given is sufficient, no further notice of this Motion is required, and cause exists to limit and shorten notice of this Motion.

WHEREFORE, St. Margaret's Health-Peru and St. Margaret's Health-Spring Valley, debtors and debtors in possession herein, respectfully request that the Court enter an order

8

substantially in the form attached hereto and made a part hereof without further notice, and grant such other and further relief as may be just.

                                                    Respectfully Submitted,

                                                    ST. MARGARET'S HEALTH-PERU and
                                                    ST. MARGARET'S HEALTH-SPRING
                                                    VALLEY

                                              By: /s/       Steven B. Chaiken
                                                                 One of their attorneys

HENRY B. MERENS, ESQ. (ARDC #6181695)
ERICH S. BUCK, ESQ. (ARDC #6274635)
STEVEN B. CHAIKEN, ESQ. (ARDC #6272045)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Debtors**

9

1319665v2